**MURPHY RAY KITTRELL, JR**
9420 EAST GOLF LINKS, #164
TUCSON, ARIZONA 85730
DEBTOR – PRO SE

THE UNITED STATES BANKRUPTCY COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| *In re:* <br><br> MURPHY RAY KITTRELL, JR., <br><br> Debtor. | Case No: 4:09-bk-08537-JMM <br> *[Chapter 11 Proceedings]* <br><br> **DEBTOR'S DISCLOSURE STATEMENT DATED AUGUST 28, 2009** |

Murphy Ray Kittrell, Jr., (the "Debtor" or "Kittrell"), hereby files his Disclosure Statement in this case.

## ARTICLE 1
## DEFINED TERMS

As used herein, the following terms have the respective meanings specified below, unless the context otherwise requires (such meanings to be equally applicable to the singular and plural and masculine, feminine, and neuter forms of the terms defined).

**1.1    Administrative Expense Claim:** An Administrative Expense Claim means a claim entitled to priority pursuant to § 507(a)(1) of the Bankruptcy Code. Such claims are those for administrative expenses of the kind specified in § 503(b) of the Bankruptcy Code including, without limitation, the actual and necessary costs and expenses of preserving and operating the estate and compensation and reimbursement of expenses for legal and other services awarded under §§ 328, 330(a) and/or 331 of the Bankruptcy Code, as well as all fees and charges assessed against the estate pursuant to Chapter 123 of Title 28, United States Code.

**1.2    Allowed Claim:** An Allowed Claim is every claim:

(1) As to which a proof of such claim has been filed with the Court within the time fixed by the Court or, if such claim arises for the rejection of an executory contract, within thirty (30) days after the date of rejection; or

(2) Which the Debtor has listed, as of the Effective Date of the Plan, as undisputed except that the listing of undisputed executory contract rejection Claims, if applicable, will be due on the first Business Day occurring at least seven (7) days after the filing deadline for such Claims; and

(3) (i) As to which no objection to the allowance of such Claim, or request for marshalling or subordination with respect to such Claim, has been filed prior to the entry of a Confirmation Order, or (ii) as to which the Order allowing such Claim and establishing (if applicable) the terms and priority of its distribution has become final and non-appealable.

**1.3    Assumed Executory Contracts:** Assumed Executory Contracts are those executory contracts or unexpired leases which, pursuant to Code §365, the Debtor assumes on the Effective Date of the Plan.

**1.4    Bankruptcy Court:** Bankruptcy Court means the United States Bankruptcy Court for the District of Arizona, except insofar as it is necessary for jurisdiction to be exercised by the United States District Court for the District of Arizona, in which event this definition will encompass the District Court, as well.

**1.5    Bankruptcy Rules:** Bankruptcy Rules mean the *Federal Rules of Bankruptcy Procedure,* as amended, promulgated under 28 U.S.C. § 2075, and the *Local Rules of the Bankruptcy Court* as are applicable from time to time to the Debtor's Chapter 11 case.

**1.6   Business Day:**   Business Day means any date except Saturday, Sunday or any other day on which commercial banks in Tucson, Arizona, are not authorized by law to be closed for business.

**1.7   Case:**   Case shall mean the Chapter 11 case commenced by the filing with this Court on April 27, 2009, of the Voluntary Petition for Relief Under Chapter 11 of the Code by the Debtor, which Petition was assigned Case No. 4:09-bk-08537-JMM.

**1.8   Chapter 11:**  This term will refer to Chapter 11 of the Code, 11 U.S.C. §1101, *et seq.*, as amended.

**1.9   Claim:**   This term will refer to and mean every right and remedy encompassed within the term's statutory definition as set forth in §101(5) of the Code, 11 U.S.C. §101(5), regardless of whether such Claim is an Allowed Claim.

**1.10   Claims Bar Date:**   This Claims Bar Date means the date the Bankruptcy Court sets as the date by which all timely proofs of Claims must be filed.

**1.11   Claims Resolution Process:**  The Claims Resolution Process means the entire process whereby (i) Claims of Creditors which are eligible for distributions pursuant to the Plan are allowed in accordance with Code §502, whether by adjudication and order(s) of the Court or otherwise, and (ii) the Court's order(s) with respect to allowance or disallowance of any such Claim(s) and establishing (if applicable) the terms and priority of distribution of such claim(s) including, but not limited to, adjudication of any marshalling or subordination contentions.

**1.12   Code:**  The Code is Title 11 of the United States Code, U.S.C. §101, *et seq.*, as amended, commonly referred to as the United States Bankruptcy Code.

**1.13   Confirmation Date:** The Confirmation Date is the date on which the

Court enters its Confirmation Order in accordance with Rules 5003 and 9021 of the Rules of Bankruptcy Procedure.

**1.14    Confirmation Order:** The Confirmation Order is the Court's written judgment and order which confirms the Plan.

**1.15    Creditor:** A Creditor is every holder of a Claim, whether or not such claim is an Allowed Claim.

**1.16    Debtor:** Debtor shall mean Murphy Ray Kittrell, Jr.

**1.17    Debtor-In-Possession:** Debtor-In-Possession, or similar phrase, shall mean the Debtor.

**1.18    Disclosure Statement:** Disclosure Statement refers to the Disclosure Statement prepared by the Debtor relating to its Chapter 11 case, as amended, modified or supplemented from time to time in accordance with the Code and Bankruptcy Rules.

**1.19    Disputed Claims:** This term means any Claim as to which the Debtor or any other party in interest has interposed a timely objection or request for estimation in accordance with the Code and the Bankruptcy Rules, which objection or request for estimation has not been withdrawn or determined by Final Order.

**1.20    Effective Date:** The Effective Date is the first business day occurring thirty (30) days after the date on which the Confirmation Order is entered, unless the Confirmation Order has been stayed, in which event the Effective Date shall be thirty (30) days after the date that a stay is no longer in effect.

**1.21    Final Order:** Final Order means an order or judgment entered by the Bankruptcy Court or any other court exercising jurisdiction over the subject matter

1 and the parties as to which the time to appeal has expired and as to which a stay

2 pending appeal has not been granted.

3 **1.22 Petition Date:** Petition Date means April 27, 2009, the date on which

4 the Debtor filed its petition for relief commencing its Chapter 11 case.

5 **1.23 Plan:** Plan means the Debtor's Plan of Reorganization, as it may be

6 amended, modified or supplemented by the Debtor from time to time.

7

**ARTICLE 2**
**THE DISCLOSURE STATEMENT**
8 **AND THE CONFIRMATION PROCESS**

9 The Debtor has prepared this Disclosure Statement in connection with his

10 solicitation of acceptance of the Debtor's Plan of Reorganization dated August 28,

11 2009, filed by the Debtor (the "Plan") and presently on file with the United States

12 Bankruptcy Court for the District of Arizona (the "Court"). This Disclosure

13 Statement and the Plan are filed by the Debtor with the Court in conjunction with

14 the pending reorganization case (the "Case") under Chapter 11 of the *Bankruptcy*

15 *Code* (11 U.S.C. §101, *et seq.*).

16 A copy of the Plan is attached to this Disclosure Statement as Exhibit 1 and is

17 incorporated herein by this reference. All terms defined in the Plan have the same

18 meaning as in this Disclosure Statement unless otherwise noted.

19 The purpose of the Disclosure Statement is to provide holders of claims and

20 interests with adequate information about the Debtor, his assets and liabilities, and

21 the Plan. Moreover, the Disclosure Statement is to assist the holders of claims and

22 interests in making an informed judgment about the merits of accepting the Plan.

23 In determining whether the Plan should be confirmed, the Court will consider

24 whether the Plan satisfies the various requirements of the Code, including whether

25 it is in the best interests of holders of claims and interests. The Court will also

26

08/28/2009

1  receive and consider a ballot report prepared by the Debtor (the "Proponent")
2  concerning the votes for acceptance or rejection of the Plan by parties entitled to
3  vote.

4      In that regard, acceptance of the Plan is sought only from those holders of
5  claims and interests whose claims are impaired by the Plan and who receive
6  something of value under the Plan; that is, acceptance is solicited only from those
7  creditors and parties in interest whose legal, equitable, or contractual rights are
8  altered by the Plan or who will not receive under the Plan the amount of their
9  allowed claim or interest in cash, but will receive something of value.  Holders of
10 claims and interests which are not impaired under the Plan are deemed to have
11 accepted the Plan. *See,* 11 U.S.C. § 1126(f).  Conversely, acceptance is not solicited
12 from those holders of claims and interests who are impaired, but who will receive
13 nothing under the Plan because they are deemed to have rejected it or they are not
14 entitled to vote pursuant to Bankruptcy Rule 3003. *See,* 11 U.S.C. § 1126(g).

15     In order for the Plan to be confirmed, the Plan must be accepted by at least
16 one impaired class of claims or interests who receive something of value under the
17 Plan.  A claim as to which the legal, equitable, or contractual rights are altered, or
18 an interest that is adversely affected, is "impaired."  In order for a class of claims to
19 vote to accept the Plan, votes representing at least two-thirds in amount and more
20 than one-half in number of claims voted in that class must be cast in favor of
21 acceptance of the Plan.  In order for a class of interests to vote to accept the Plan,
22 votes representing at least two-thirds of the interest that is voted must be cast for
23 the acceptance of the Plan. As more fully described below, the Proponent is seeking
24 acceptances from holders of allowed claims in the following classes (reserving the
25 right to supplement as to any other impaired classes of claims or interests), if any:

26

*Debtor's Disclosure Statement*
*Dated August 26, 2009*

08/28/2009

| Class | Description |
|---|---|
| 2 | Priority Claims |
| 3 | Real Estate Tax Claim of Pima County as to 10999 E. Escalante, Tucson, Arizona |
| 4 | Secured Claim of Countrywide Financial/Bank of America as to 10999 E. Escalante, Tucson, Arizona |
| 5 | Undersecured Claim of Countrywide Financial/Bank of America as to 10999 E. Escalante, Tucson, Arizona |
| 6 | Real Estate Tax Claim of Pima County as to 7557 E. Desert Anchor Blvd, Tucson, Arizona |
| 7 | Secured Claim of Countrywide Financial/Bank of America as to 7557 E. Desert Anchor Blvd, Tucson, Arizona |
| 8 | Deemed Secured Claim of Countrywide Financial/Bank of America as to 7557 E. Desert Anchor Blvd, Tucson, Arizona |
| 9 | Real Estate Tax Claim of Pima County as to 2131 N. Dusty Lane, Tucson, Arizona |
| 10 | Secured Claim of American Home Mortgage ("American Home") as to 2131 N. Dusty Lane, Tucson, Arizona |
| 11 | Deemed Secured Claim of American Home as to 2131 N. Dusty Lane, Tucson, Arizona |
| 12 | Real Estate Tax Claim of Pima County as to 2135 N. Dusty Lane, Tucson, Arizona |
| 13 | Secured Claim of American Home Mortgage/Wells Fargo Bank, N.A. ("Wells Fargo") as to 2135 N. Dusty Lane, Tucson, Arizona |
| 14 | Deemed Secured Claim of American Home Mortgage/Wells Fargo as to 2135 N. Dusty Lane, Tucson, Arizona |
| 15 | Real Estate Tax Claim of Pima County as to 10333 N. Coyote Lane, Tucson, Arizona |
| 16 | Secured Claim of M&I Marshall and Ilsley Bank ("M&I") as to 10333 N. Coyote Lane, Tucson, Arizona |
| 17 | Deemed Secured Claim of M&I as to 10333 N. Coyote Lane, Tucson, Arizona |
| 18 | Real Estate Tax Claim of Pima County as to 4900 E. Winged Foot Drive, Tucson, Arizona |
| 19 | Secured Claim of Advanced Capital Mortgage ("Advanced Capital") as to 4900 E. Winged Foot Drive, Tucson, Arizona |
| 20 | Deemed Secured Claim of Advanced Capital as to 4900 E. Winged Foot Drive, Tucson, Arizona |
| 21 | Real Estate Tax Claim of Maricopa County as to 10187 Peak Circle, Scottsdale, Arizona |
| 22 | Secured Claim of M&I as to 10187 Peak Circle, Scottsdale, Arizona |
| 23 | Deemed Secured Claim of M&I as to 10187 Peak Circle, Scottsdale, Arizona |
| 24 | Real Estate Tax Claim of Maricopa County as to 26931 N. 103rd Street, Scottsdale, Arizona |
| 25 | Secured Claim of EFG Mortgage Acquisition, LLC ("EFG") as to 26931 N. 103rd Street, Scottsdale, Arizona |
| 26 | Deemed Secured Claim of EFG as to 26931 N. 103rd Street, Scottsdale, Arizona |
| 27 | Real Estate Tax Claim of Pima County as to 3530 W. Massingale, |

DEBTOR'S DISCLOSURE STATEMENT
DATED AUGUST 26, 2009

08/28/2009

|    |    |                                                                                                      |
|----|----|------------------------------------------------------------------------------------------------------|
|    |    | Tucson, Arizona                                                                                      |
| 28 |    | Secured Claim of Countrywide Financial/Bank of America as to 3530 W. Massingale, Tucson, Arizona     |
| 29 |    | Deemed Secured Claim of Countrywide Financial/Bank of America as to 3530 W. Massingale, Tucson, Arizona |
| 30 |    | Real Estate Tax Claim of Pima County as to 10640 E. Elkridge Place, Tucson, Arizona                  |
| 31 |    | Secured Claim of Countrywide Financial/Bank of America as to 10640 E. Elkridge Place, Tucson, Arizona |
| 32 |    | Real Estate Tax Claim of Pima County as to 851 N. Independence Avenue, Tucson, Arizona               |
| 33 |    | Secured Claim of Countrywide Financial/Bank of America as to 851 N. Independence Avenue, Tucson, Arizona |
| 34 |    | Real Estate Tax Claim of Pima County as to 4660 S. Bayport Drive, Tucson, Arizona                    |
| 35 |    | First Secured Claim of Countrywide/Bank of America as to 4660 S. Bayport Drive, Tucson, Arizona      |
| 36 |    | Second Secured Claim of Stephanie Kyle as to 4660 S. Bayport Drive, Tucson, Arizona                  |
| 37 |    | Secured Claim of American General                                                                    |
| 38 |    | Secured Claim of Tucson Federal Credit Union                                                         |
| 39 |    | Undersecured Claims of Lenders                                                                       |
| 40 |    | Unsecured Claims of consumer creditors                                                               |
| 41 |    | Interest of the Debtor                                                                               |

The specific treatment of each class under the Plan is summarized in Article 6 of this Disclosure Statement.

For purposes of voting, only those claims in each of the foregoing classes which are eligible to vote under Rule 3003 of the Bankruptcy Rules of Procedure will be entitled to vote to accept or reject the Plan.

§ 1129(b) of the Code provides that, if the Plan is rejected by one or more impaired classes of claims or interests, the Plan (or any modification thereof) nevertheless may be confirmed by the Court, provided that the Court determines that the Plan does not discriminate unfairly and is fair and equitable with respect to the rejecting class or classes of claims or interests impaired under the Plan.

A thorough discussion of the provisions of the Plan can be found in Article 6 below. The Plan itself is attached as Exhibit 1 to this Disclosure Statement. The Plan is controlling in the event of any inconsistency between the contents of the Plan

08/28/2009

and this Disclosure Statement.

## ARTICLE 3
## SOURCE OF INFORMATION

The information contained in this Disclosure Statement has been provided by the Debtor. In addition, public documents and the Promissory Notes, Deeds of Trust and related loan documents as to each of the secured and undersecured claims described herein were relied upon as sources. As to the unsecured claims of consumer creditors, actual pre petition invoices to the Debtor were relied upon.

## ARTICLE 4
## DESCRIPTION OF THE DEBTOR

### A.   History of the Debtor

Mr. Kittrell is a native of Tucson, Arizona. He graduated from Sunnyside High School. Mr. Kittrell played football for Northern Arizona University. The Debtor's affiliate, Desert Empire Construction, LLC, an Arizona limited liability company ("Desert Empire") holds a General Contractors license. Mr. Kittrell has been in the business of real estate development and construction since 2001.

Mr. Kittrell, either in his own name or in the name of affiliates (A & K Ventures, LLC and/or A & K Skyline, LLC) purchased, developed and constructed each of the residences described in this Disclosure Statement. Based upon such activities, the Debtor has attained knowledge as to land prices, home prices and the cost of construction in both the Tucson, Arizona and Scottsdale, Arizona, markets in which the Debtor has done business.

### B.   Reason for Filing for Chapter 11 Relief

The Debtor filed for Chapter 11 relief in order to protect his interest in several properties as to which Notices of Trustee Sale had been recorded which properties the Debtor believes are necessary to his reorganization. The Debtor believes that a reorganization is in prospect and can be completed within a reasonable period of

time.

### C.    **Post-Filing Events**

Since the filing of his Petition, the Debtor has timely filed his Statement of Financial Affairs and Schedules of Assets and Liabilities.  The Debtor has attended his first meeting of creditors.  The Debtor has opposed Motions for Relief from the Automatic Stay as to 2135 N. Dusty Lane, Tucson, Arizona; 10333 N. Coyote Lane, Tucson, Arizona; 4900 E. Winged Foot Drive, Tucson, Arizona; 10187 Peak Circle, Scottsdale, Arizona; and 26931 N. 103rd Street, Scottsdale, Arizona.  The Debtor has reached a settlement agreement with American General as to its Class 35 Secured Claim as to the Debtor's Aston Martin.

### ARTICLE 5
### DESCRIPTION OF ASSETS

### A.    **10999 E. Escalante, Tucson, Arizona**

This property is a 3200 square foot single family residence located on 4.5 acres on the Southeast side of Tucson, Arizona.  It has a current market value in the opinion of the Debtor of $420,000,00.  It is encumbered by a First Lien in favor of Countrywide Financial/Bank of America, having an outstanding principal balance of $420,000.00.    It is encumbered by a Second Lien in favor of Countrywide Financial/Bank of America, having an outstanding principal balance of approximately $125,000.00.  It is the Debtor's opinion that the property can be leased for $1,000.00 per month.  It is the Debtor's opinion that in the range of 3 to 5 years from the Effective Date, the property can be sold for $800,000.00.

### B.    **7557 E. Desert Anchor Blvd., Tucson, Arizona**

This property is a 1800 square foot townhouse located in the area of Tanque Verde Road and Tres Amigos in Tucson, Arizona.  It has a current market value in the opinion of the Debtor of $180,000,00.  It is encumbered by a Lien in favor of

08/28/2009

1  Countrywide Financial/Bank of America, having an outstanding principal balance of
2  $220,000.00. It is the Debtor's opinion that the property can be leased for $1,000.00
3  per month. It is the Debtor's opinion that in the range of 3 to 5 years from the
4  Effective Date, the property can be sold for $260,000.00.

5  **C.  2131 N. Dusty Lane, Tucson, Arizona**

6  This property is a 2900 square foot single family residence located on 1.25
7  acres in Southeast Tucson, Arizona. It has a current market value in the opinion of
8  the Debtor of $325,000,00. It is encumbered by a Lien in favor of American Home
9  Mortgage, having an outstanding principal balance of $532,000.00. It is the Debtor's
10  opinion that the property can be leased for $2,000.00 per month. It is the Debtor's
11  opinion that in the range of 3 to 5 years from the Effective Date, the property can be
12  sold for $825,000.00.

13  **D.  2135 N. Dusty Lane, Tucson, Arizona**

14  This property is a 2900 square foot single family residence located on 1.25
15  acres in Southeast Tucson, Arizona. It has a current market value in the opinion of
16  the Debtor of $325,000,00. It is encumbered by a Lien in favor of American Home
17  Mortgage/Wells Fargo Bank, N.A. ("Wells Fargo"), having an outstanding principal
18  balance of $532,000.00. It is the Debtor's opinion that the property can be leased for
19  $2,000.00 per month. It is the Debtor's opinion that in the range of 3 to 5 years from
20  the Effective Date, the property can be sold for $825,000.00.

21  **E   10333 N. Coyote Lane, Tucson, Arizona**

22  This property is a 2800 square foot single family residence located on 1.5 acres
23  in the area of Cortaro Farms and I-10, Tucson, Arizona. It is 90% complete. DJ
24  Williams Enterprises has signed an agreement to complete the home for $54,000.00
25  payable on sale of the property. Upon completion, it will have a current market
26

08/28/2009

1   value in the opinion of the Debtor of $250,000,00. It is encumbered by a Lien in

2   favor of M&I Marshall and Ilsley Bank, having an outstanding principal balance of

3   $320,000.00. It is the Debtor's opinion that the property can be leased for $2,000.00

4   per month. It is the Debtor's opinion that in the range of 3 to 5 years from the

5   Effective Date, the property can be sold for $675,000.00.

6   **F.      4900 E. Winged Foot Drive, Tucson, Arizona**

7        This property is a 4400 square foot single family residence located on

8   approximately one-third acre in Skyline Country Club Estates in Tucson, Arizona.

9   It has a current market value in the opinion of the Debtor of $1,200,000,00. It is

10  encumbered by a Lien in favor of Advanced Capital Mortgage, having an

11  outstanding principal balance of $1,500,000.00. It is the Debtor's opinion that the

12  property can be leased for $7,500.00 per month. It is the Debtor's opinion that in the

13  range of 3 to 5 years from the Effective Date, the property can be sold for

14  $1,800,000.00.

15  **G.      10187 Peak Circle, Scottsdale, Arizona**

16       This property is Lot 253 of the Estancia subdivision located in Scottsdale,

17  Arizona. The lot is approximately 1.25 acres. It has a current market value in the

18  opinion of the Debtor of $500,000,00. It is encumbered by a Lien in favor of M & I

19  Marshall and Ilsley Bank, having an outstanding principal balance of $750,000.00.

20  The Debtor has approved plans for the construction of a residence on this lot and

21  Baron Financial has agreed to fund the construction, subject to Plan confirmation.

22  It will take approximately 16 months to complete the construction. It is the Debtor's

23  opinion that in the range of 3 to 5 years from the Effective Date, the property can be

24  sold for $4,400,000.00.

25

26

### H.  26931 N. 103rd Street, Scottsdale, Arizona

This property is a 4500 square foot single family residence located on approximately 1.25 acres in the Estancia subdivision in Scottsdale, Arizona. It has a current market value in the opinion of the Debtor of $1,600,000,00. It is encumbered by a Lien in favor of EFG Mortgage Acquisition, LLC, having an outstanding principal balance of $2,830,000.00. It is the Debtor's opinion that the property can be leased for $6,700.00 per month. It is the Debtor's opinion that in the range of 3 to 5 years from the Effective Date, the property can be sold for $4,500,000.00.

### I.  3530 W. Massingale, Tucson, Arizona

This property is a 1800 square foot single family residence located on 1 acre in northwest Tucson, Arizona. It has a current market value in the opinion of the Debtor of $175,000,00. It is encumbered by a Lien in favor of Countrywide Financial/Bank of America, having an outstanding principal balance of $195,000.00. It is the Debtor's opinion that the property can be leased for $1,000.00 per month. It is the Debtor's opinion that in the range of 3 to 5 years from the Effective Date, the property can be sold for $280,000.00.

### J.  10640 E. Elkridge Place, Tucson, Arizona

This property is the Debtor's residence located in Southeast, Tucson, Arizona. It has a current market value in the opinion of the Debtor of $171,000,00. It is encumbered by a Lien in favor of Countrywide Financial/Bank of America, having an outstanding principal balance of $171,000.00. The monthly payment proposed under the Plan is $960.00. It is the Debtor's opinion that in the range of 3 to 5 years from the Effective Date, the property can be sold for $250,000.00.

### K.  851 N. Independence Avenue, Tucson, Arizona

This property is a 1700 square foot single family residence located in the

08/28/2009

Speedway Houghton area in Tucson, Arizona. It has a current market value in the opinion of the Debtor of $173,000,00. It is encumbered by a Lien in favor of Countywide Financial/Bank of America, having an outstanding principal balance of $173,000.00. It is the Debtor's opinion that the property can be leased for $2,000.00 per month. It is the Debtor's opinion that in the range of 3 to 5 years from the Effective Date, the property can be sold for $250,000.00.

### L.   **4660 S. Bayport Drive, Tucson, Arizona**

This property is a 1784 square foot single family residence located in Southeast Tucson, Arizona. It has a current market value in the opinion of the Debtor of $165,000.00. It is encumbered by a First Lien in favor of Countrywide Financial/Bank of America, having an outstanding principal balance of $125,000.00. It is encumbered by a Second Lien in favor of Stephanie Kyle, having an outstanding principal balance of approximately $30,000.00. It is the Debtor's opinion that the property can be leased for $1,000.00 per month. It is the Debtor's opinion that in the range of 3 to 5 years from the Effective Date, the property can be sold for $245,000.00.

### ARTICLE 6
### THE PLAN AND ITS CLASSIFICATION;
### TREATMENT OF CLAIMS AND INTERESTS

**A.   Classification of Claims and Interests.** Pursuant to the Plan, the claims of creditors and interests are classified as follows:

**(1)   Class 1: Administrative Claims.** All actual and necessary costs of administration in this case entitled to priority under 11 U.S.C. §§ 503(b) and 507(a)(1), including debts incurred by the Debtor-in-Possession since the filing, U.S. Trustee quarterly fees, attorneys' fees, the Debtor's accountant's fees, and all other fees and allowances approved by the Court. The Class 1 claims are not impaired.

**(2)   Class 2: Priority Claim.** Class 2 consists of claims entitled to

priority under 11 U.S.C. § 507 not otherwise included in Class 1. There are no Class 2 claims.

(3)   **Class 3: Secured Real Estate Tax Claim of Pima County as to 10999 E. Escalante.**  Class 3 consists of the secured real estate tax claim of Pima County as to 10999 E. Escalante in the approximate sum of $0.00. The Class 3 claim is impaired.

(4)   **Class 4: Secured Claim of Countrywide Financial/Bank of America as to 10999 E. Escalante.**  Class 4 consists of the secured claim of Countrywide Financial/Bank of America as to 10999 E. Escalante.  The Class 4 claim is impaired.

(5)   **Class 5: Undersecured Claim of Countrywide Financial /Bank of America as to 10999 E. Escalante.**  Class 5 consists of the undersecured claim of Countrywide Financial/Bank of America as to 10999 E. Escalante.  The Class 5 claim is impaired.

(6)   **Class 6: Secured Real Estate Tax Claim of Pima County as to 7557 E. Desert Anchor Blvd.**  Class 6 consists of the secured real estate tax claim of Pima County as to 7557 E. Desert Anchor Blvd in the approximate sum of $0.00. The Class 6 claim is impaired.

(7)   **Class 7: Secured Claim of Countrywide Financial/Bank of America as to 7557 E. Desert Anchor Blvd.**  Class 7 consists of the secured claim of Countrywide Financial/Bank of America as to 7557 E. Desert Anchor Blvd.  The Class 7 claim is impaired.

(8)   **Class 8: Deemed Secured Claim of Countrywide Financial/Bank of America as to 7557 E. Desert Anchor Blvd.**  Class 8 consists of the unsecured deficiency portion of the claim of Countrywide Financial/Bank of

1  America as to 7557 E. Desert Anchor Blvd, in the event Countrywide Financial/Bank

2  of America makes a Code § 1111(b) election . The Class 8 claim is impaired.

3  **(9)   Class 9: Secured Real Estate Tax Claim of Pima County as**

4  **to 2131 N. Dusty Lane.**  Class 9 consists of the secured real estate tax claim of

5  Pima County as to 2131 N. Dusty Lane in the approximate sum of $4,757.34. The

6  Class 9 claim is impaired.

7  **(10)   Class 10: Secured Claim of American Home Mortgage as to**

8  **2131 N. Dusty Lane.**  Class 10 consists of the secured claim of American Home

9  Mortgage as to 2131 N. Dusty Lane.  The Class 10 claim is impaired.

10  **(11)   Class 11: Deemed Secured Claim of American Home**

11  **Mortgage as to 2131 N. Dusty Lane.**  Class 11 consists of the unsecured

12  deficiency portion of the claim of American Home Mortgage as to 2131 N. Dusty

13  Lane, in the event American Home Mortgage makes a Code § 1111(b) election .  The

14  Class 11 claim is impaired.

15  **(12)   Class 12: Secured Real Estate Tax Claim of Pima County**

16  **as to 2135 N. Dusty Lane.**  Class 12 consists of the secured real estate tax claim of

17  Pima County as to 2135 N. Dusty Lane in the approximate sum of $4,706.95.  The

18  Class 12 claim is impaired.

19  **(13)   Class 13: Secured Claim of American Home Mortgage/**

20  **Wells Fargo Bank, N.A. as to 2135 N. Dusty Lane.**  Class 13 consists of the

21  secured claim of American Home Mortgage/Wells Fargo Bank, N.A. as to 2135 N.

22  Dusty Lane.  The Class 13 claim is impaired.

23  **(14)   Class 14: Deemed Secured Claim of American Home**

24  **Mortgage/ Wells Fargo Bank, N.A. as to 2135 N. Dusty Lane.**  Class 14 consists

25  of the unsecured deficiency portion of the claim of American Home Mortgage/Wells

26

Fargo Bank, N.A as to 2135 N. Dusty Lane, in the event American Home Mortgage/Wells Fargo Bank, N.A makes a Code § 1111(b) election . The Class 14 claim is impaired.

**(15)** **Class 15: Secured Real Estate Tax Claim of Pima County as to 10333 N. Coyote Lane.** Class 15 consists of the secured real estate tax claim of Pima County as to 10333 N. Coyote Lane in the approximate sum of $1,984.28. The Class 15 claim is impaired.

**(16)** **Class 16: Secured Claim of M & I Marshall and Ilsley Bank as to 10333 N. Coyote Lane.** Class 16 consists of the secured claim of M & I Marshall and Ilsley Bank as to 10333 N. Coyote Lane. The Class 16 claim is impaired.

**(17)** **Class 17: Deemed Secured Claim of M & I Marshall and Ilsley Bank as to 10333 N. Coyote Lane.** Class 17 consists of the unsecured deficiency portion of the claim of M & I Marshall and Ilsley Bank as to 10333 N. Coyote Lane, in the event M & I Marshall and Ilsley Bank makes a Code § 1111(b) election . The Class 17 claim is impaired.

**(18)** **Class 18: Secured Real Estate Tax Claim of Pima County as to 4900 E. Winged Foot Drive.** Class 18 consists of the secured real estate tax claim of Pima County as to 4900 E. Winged Foot Drive in the approximate sum of $34,449.89. The Class 18 claim is impaired.

**(19)** **Class 19: Secured Claim of Advanced Capital Mortgage as to 4900 E. Winged Foot Drive.** Class 19 consists of the secured claim of Advanced Capital Mortgage as to 4900 E. Winged Foot Drive. The Class 19 claim is impaired.

**(20)** **Class 20: Deemed Secured Claim of Advanced Capital Mortgage as to 4900 Winged Foot Drive.** Class 20 consists of the unsecured

*DEBTOR'S DISCLOSURE STATEMENT*
*DATED AUGUST 26, 2009*

08/28/2009

deficiency portion of the claim of Advanced Capital Mortgage as to 4900 Winged Foot Drive, in the event Advanced Capital Mortgage makes a Code § 1111(b) election . The Class 20 claim is impaired.

(21)    **Class 21: Secured Real Estate Tax Claim of Maricopa County as to 10187 Peak Circle.**  Class 21 consists of the secured real estate tax claim of Maricopa County as to 10187 Peak Circle in the approximate sum of $14,000.00.  The Class 21 claim is impaired.

(22)    **Class 22: Secured Claim of M & I Marshall and Ilsley Bank as to 10187 Peak Circle.**  Class 22 consists of the secured claim of M & I Marshall and Ilsley Bank as to 10187 Peak Circle.   The Class 22 claim is impaired.

(23)    **Class 23: Deemed Secured Claim of M & I Marshall and Ilsley Bank as to 10187 Peak Circle.**   Class 23 consists of the unsecured deficiency portion of the claim of M & I Marshall and Ilsley Bank as to 10187 Peak Circle, in the event M & I Marshall and Ilsley Bank makes a Code § 1111(b) election. The Class 23 claim is impaired.

(24)    **Class 24: Secured Real Estate Tax Claim of Maricopa County as to 26931 N. 103rd Street.**  Class 24 consists of the secured real estate tax claim of Maricopa County as to 26931 N. 103rd Street in the approximate sum of $17,978.27.  The Class 24 claim is impaired.

(25)    **Class 25: Secured Claim of EFG Mortgage Acquisition, LLC as to 26931 N. 103rd Street.**  Class 25 consists of the secured claim of EFG Mortgage Acquisition, LLC as to 26931 N. 103rd Street.   The Class 25 claim is impaired.

(26)    **Class 26: Deemed Secured Claim of EFG Mortgage Acquisition, LLC as to 26931 N. 103rd Street.**  Class 26 consists of the unsecured

*DEBTOR'S DISCLOSURE STATEMENT*
*DATED AUGUST 26, 2009*

08/28/2009

1  deficiency portion of the claim of EFG Mortgage Acquisition, LLC as to 26931 N.

2  103rd Street, in the event EFG Mortgage Acquisition, LLC makes a Code § 1111(b)

3  election. The Class 26 claim is impaired.

4       **(27)**    **Class 27: Secured Real Estate Tax Claim of Pima County**

5  **as to 3530 W. Massingale.** Class 27 consists of the secured real estate tax claim of

6  Pima County as to 3530 W. Massingale in the approximate sum of $0.00. The Class

7  27 claim is impaired.

8       **(28)**    **Class 28: Secured Claim of Countrywide Financial/Bank**

9  **of America as to 3530 W. Massingale.** Class 28 consists of the secured claim of

10  Countrywide Financial/Bank of America as to 3530 W. Massingale. The Class 28

11  claim is impaired.

12       **(29)**    **Class 29: Deemed Secured Claim of Countrywide**

13  **Financial/Bank of America as to 3530 W. Massingale.** Class 29 consists of the

14  unsecured deficiency portion of the claim of Countrywide Financial/Bank of America

15  as to 3530 W. Massingale, in the event Countrywide Financial/Bank of America

16  makes a Code § 1111(b) election. The Class 29 claim is impaired.

17       **(30)**    **Class 30: Secured Real Estate Tax Claim of Pima County**

18  **as to 10640 E. Elkridge Place.** Class 30 consists of the secured real estate tax

19  claim of Pima County as to 10640 E. Elkridge Place in the approximate sum of

20  $0.00. The Class 30 claim is impaired.

21       **(31)**    **Class 31: Secured Claim of Countrywide Financial/Bank**

22  **of America as to 10640 E. Elkridge Place.** Class 31 consists of the secured claim

23  of Countrywide Financial/Bank of America as to 10640 E. Elkridge Place. The

24  Class 31 claim is impaired.

25       **(32)**    **Class 32: Secured Real Estate Tax Claim of Pima County**

26

*DEBTOR'S DISCLOSURE STATEMENT*
*DATED AUGUST 26, 2009*

08/28/2009

1    **as to 851 N. Independence Avenue.**  Class 32 consists of the secured real estate

2    tax claim of Pima County as to 851 N. Independence Avenue in the approximate

3    sum of $0.00.  The Class 32 claim is impaired.

4         **(33)    Class 33: Secured Claim of Countrywide Financial/Bank**

5    **of America as to 851 N. Independence Avenue.**  Class 33 consists of the secured

6    claim of Countrywide Financial/Bank of America as to 851 N. Independence Avenue.

7    The Class 33 claim is impaired.

8         **(34)    Class 34: Secured Real Estate Tax Claim of Pima County**

9    **as to 4660 S. Bayport Drive.**  Class 34 consists of the secured real estate tax claim

10   of Pima County as to 4660 S. Bayport Drive in the approximate sum of $0.00.  The

11   Class 34 claim is impaired.

12        **(35)    Class 35: Secured Claim of Countrywide Financial/Bank**

13   **of America as to 4660 S. Bayport Drive.**  Class 35 consists of the first priority

14   secured claim of Countrywide Financial/Bank of America as to 4660 S. Bayport

15   Drive.  The Class 35 claim is impaired.

16        **(36)    Class 36: Secured Claim of Stephanie Kyle as to 4660 S.**

17   **Bayport Drive.**  Class 36 consists of the second priority secured claim of Stephanie

18   Kyle as to 4660 S. Bayport Drive.  The Class 36 claim is impaired.

19        **(37)    Class 37: Secured Claim of American General.**  Class 37

20   consists of the secured claim of American General as to the Debtor's Aston Martin.

21   The Class 37 claim is impaired.

22        **(38)    Class 38: Secured Claim of Tucson Federal Credit Union.**

23   Class 38 consists of the secured claim of Tucson Federal Credit Union as to the

24   Debtor's 911 Porsche.  The Class 38 claim is impaired.

25        **(39)    Class 39: Undersecured Claim of Lenders.**  Class 39 consists

26

08/28/2009