*filed*
~~RECEIVED~~

2009 DEC -8 P 3: 57

CLERK
US BANKRUPTCY COURT
DISTRICT OF ARIZONA

**MURPHY RAY KITTRELL, JR**
9420 EAST GOLF LINKS, #164
TUCSON, ARIZONA 85730
DEBTOR – PRO SE

## THE UNITED STATES BANKRUPTCY COURT

## DISTRICT OF ARIZONA

*In re:*

MURPHY RAY KITTRELL, JR.,

Debtor.

Case No: 4:09-bk-08537-JMM
*[Chapter 11 Proceedings]*

**DEBTOR'S FIRST AMENDED
PLAN OF REORGANIZATION
DATED
~~AUGUST 2~~DECEMBER 8, 2009**

This Plan of Reorganization is filed by Murphy Ray Kittrell, Jr., (the "Debtor" or "Kittrell"). The Debtor, pursuant to the provisions of 11 U.S.C. § 1129, hereby requests confirmation of the First Amended Plan.

### ARTICLE 1
### DEFINED TERMS

As used herein, the following terms have the respective meanings specified below, unless the context otherwise requires (such meanings to be equally applicable to the singular and plural and masculine, feminine, and neuter forms of the terms defined).

**1.1    Administrative Expense Claim:** An Administrative Expense Claim means a claim entitled to priority pursuant to § 507(a)(1) of the Bankruptcy Code. Such claims are those for administrative expenses of the kind specified in § 503(b) of the Bankruptcy Code including, without limitation, the actual and necessary costs and expenses of preserving and operating the estate and compensation and reimbursement of expenses for legal and other services awarded under §§ 328, 330(a) and/or 331 of the Bankruptcy Code, as well as all fees and charges assessed

against the estate pursuant to Chapter 123 of Title 28, United States Code.

**1.2    Allowed Claim:** An Allowed Claim is every claim:

(1)   As to which a proof of such claim has been filed with the Court within the time fixed by the Court or, if such claim arises for the rejection of an executory contract, within thirty (30) days after the date of rejection; or

(2)   Which the Debtor has listed, as of the Effective Date of the Plan, as undisputed except that the listing of undisputed executory contract rejection Claims, if applicable, will be due on the first Business Day occurring at least seven (7) days after the filing deadline for such Claims; and

(3)   (i) As to which no objection to the allowance of such Claim, or request for marshalling or subordination with respect to such Claim, has been filed prior to the entry of a Confirmation Order, or (ii) as to which the Order allowing such Claim and establishing (if applicable) the terms and priority of its distribution has become final and non-appealable.

**1.3    Assumed Executory Contracts:** Assumed Executory Contracts are those executory contracts or unexpired leases which, pursuant to Code §365, the Debtor assumes on the Effective Date of the Plan.

**1.4    Bankruptcy Court:** Bankruptcy Court means the United States Bankruptcy Court for the District of Arizona, except insofar as it is necessary for jurisdiction to be exercised by the United States District Court for the District of Arizona, in which event this definition will encompass the District Court, as well.

**1.5    Bankruptcy Rules:** Bankruptcy Rules mean the *Federal Rules of Bankruptcy Procedure,* as amended, promulgated under 28 U.S.C. § 2075, and the *Local Rules of the Bankruptcy Court* as are applicable from time to time to the

Debtor's Chapter 11 case.

**1.6   Business Day:**   Business Day means any date except Saturday, Sunday or any other day on which commercial banks in Tucson, Arizona, are not authorized by law to be closed for business.

**1.7   Case:**   Case shall mean the Chapter 11 case commenced by the filing with this Court on April 27, 2009, of the Voluntary Petition for Relief Under Chapter 11 of the Code by the Debtor, which Petition was assigned Case No. 4:09-bk-08537-JMM.

**1.8   Chapter 11:**   This term will refer to Chapter 11 of the Code, 11 U.S.C. §1101, *et seq.*, as amended.

**1.9   Claim:**   This term will refer to and mean every right and remedy encompassed within the term's statutory definition as set forth in §101(5) of the Code, 11 U.S.C. §101(5), regardless of whether such Claim is an Allowed Claim.

**1.10   Claims Bar Date:**   This Claims Bar Date means the date the Bankruptcy Court sets as the date by which all timely proofs of Claims must be filed.

**1.11   Claims Resolution Process:**   The Claims Resolution Process means the entire process whereby (i) Claims of Creditors which are eligible for distributions pursuant to the Plan are allowed in accordance with Code §502, whether by adjudication and order(s) of the Court or otherwise, and (ii) the Court's order(s) with respect to allowance or disallowance of any such Claim(s) and establishing (if applicable) the terms and priority of distribution of such claim(s) including, but not limited to, adjudication of any marshalling or subordination contentions.

**1.12   Code:**   The Code is Title 11 of the United States Code, U.S.C. §101, *et seq.*, as amended, commonly referred to as the United States Bankruptcy Code.

12/14/2009

**1.13   Confirmation Date:** The Confirmation Date is the date on which the Court enters its Confirmation Order in accordance with Rules 5003 and 9021 of the Rules of Bankruptcy Procedure.

**1.14   Confirmation Order:** The Confirmation Order is the Court's written judgment and order which confirms the Plan.

**1.15   Creditor:** A Creditor is every holder of a Claim, whether or not such claim is an Allowed Claim.

**1.16   Debtor:** Debtor shall mean Murphy Ray Kittrell, Jr.

**1.17   Debtor-In-Possession:** Debtor-In-Possession, or similar phrase, shall mean the Debtor.

**1.18   Disclosure Statement:** Disclosure Statement refers to the Disclosure Statement prepared by the Debtor relating to its Chapter 11 case, as amended, modified or supplemented from time to time in accordance with the Code and Bankruptcy Rules.

**1.19   Disputed Claims:** This term means any Claim as to which the Debtor or any other party in interest has interposed a timely objection or request for estimation in accordance with the Code and the Bankruptcy Rules, which objection or request for estimation has not been withdrawn or determined by Final Order.

**1.20   Effective Date:** The Effective Date is the first business day occurring thirty (30) days after the date on which the Confirmation Order is entered, unless the Confirmation Order has been stayed, in which event the Effective Date shall be thirty (30) days after the date that a stay is no longer in effect.

**1.21   Final Order:** Final Order means an order or judgment entered by the

Bankruptcy Court or any other court exercising jurisdiction over the subject matter and the parties as to which the time to appeal has expired and as to which a stay pending appeal has not been granted.

**1.22 Petition Date:** Petition Date means April 27, 2009, the date on which the Debtor filed its petition for relief commencing its Chapter 11 case.

**1.23 Plan:** Plan means the Debtor's Plan of Reorganization, as it may be amended, modified or supplemented by the Debtor from time to time.

## ARTICLE 2
## CLASSIFICATION OF CLAIMS AND INTERESTS

Pursuant to the Plan, the claims of creditors and interests are classified as follows:

(1) **Class 1: Administrative Claims.** All actual and necessary costs of administration in this case entitled to priority under 11 U.S.C. §§ 503(b) and 507(a)(1), including debts incurred by the Debtor-in-Possession since the filing, U.S. Trustee quarterly fees, attorneys' fees, the Debtor's accountant's fees, and all other fees and allowances approved by the Court. The Class 1 claims are not impaired.

(2) **Class 2: Priority Claim.** Class 2 consists of claims entitled to priority under 11 U.S.C. § 507 not otherwise included in Class 1. There are no Class 2 claims.

(3) **Class 3: Secured Real Estate Tax Claim of Pima County as to 10999 E. Escalante.** Class 3 consists of the secured real estate tax claim of Pima County as to 10999 E. Escalante in the approximate sum of $0.00. The Class 3 claim is impaired.

(4) **Class 4: Secured Claim of Countrywide Financial/Bank of America as to 10999 E. Escalante.** Class 4 consists of the secured claim of Countrywide Financial/Bank of America as to 10999 E. Escalante. The Class 4

1   claim is impaired.

2       **(5)    Class 5: <u>Undersecured Claim of Countrywide Financial</u>**

3   **<u>/Bank of America as to 10999 E. Escalante.</u>**  Class 5 consists of the undersecured

4   claim of Countrywide Financial/Bank of America as to 10999 E. Escalante.  The

5   Class 5 claim is impaired.

6       **(6)    Class 6: <u>Secured Real Estate Tax Claim of Pima County as</u>**

7   **<u>to 7557 E. Desert Anchor Blvd.</u>**  Class 6 consists of the secured real estate tax

8   claim of Pima County as to 7557 E. Desert Anchor Blvd in the approximate sum of

9   $0.00.  The Class 6 claim is impaired.

10      **(7)    Class 7: <u>Secured Claim of ~~Countrywide Financial/Bank of~~</u>**

11  **<u>~~America~~Deutsche Bank National Trust as to 7557 E. Desert Anchor Blvd</u>**.

12  Class 7 consists of the secured claim of Countrywide Financial/Bank of America as to

13  7557 E. Desert Anchor Blvd.  The Class 7 claim is impaired.

14      **~~(8)    Class 8:    Deemed    Secured    Claim    of    Countrywide~~**

15  **~~Financial/Bank of America as to 7557 E. Desert Anchor Blvd.~~  ~~Class 8 consists~~**

16  ~~of the unsecured deficiency portion of the claim of Countrywide Financial/Bank of~~

17  ~~America as to 7557 E. Desert Anchor Blvd, in the event Countrywide Financial/Bank~~

18  ~~of America makes a Code § 1111(b) election .  The Class 8 claim is impaired.~~

19      **(9~~8~~)    Class 9~~8~~: <u>Secured Real Estate Tax Claim of Pima County</u>**

20  **<u>as to 2131 N. Dusty Lane.</u>**  Class ~~9~~8 consists of the secured real estate tax claim of

21  Pima County as to 2131 N. Dusty Lane in the approximate sum of $4,757.34.  The

22  Class ~~9~~8 claim is impaired.

23      **(10~~9~~)    Class 10~~9~~: <u>Secured Claim of American Home Mortgage as</u>**

24  **<u>to 2131 N. Dusty Lane.</u>**  Class ~~10~~9 consists of the secured claim of American Home

25  Mortgage as to 2131 N. Dusty Lane.  The Class ~~10~~9 claim is impaired.

26

12/14/2009

(1110)**Class 1110: Deemed Secured Claim of American Home Mortgage as to 2131 N. Dusty Lane.** Class 11 10 consists of the unsecured deficiency portion of the claim of American Home Mortgage as to 2131 N. Dusty Lane, in the event American Home Mortgage makes a Code § 1111(b) election . The Class 11 10 claim is impaired.

(1211)**Class 1211: Secured Real Estate Tax Claim of Pima County as to 2135 N. Dusty Lane.** Class 12 11 consists of the secured real estate tax claim of Pima County as to 2135 N. Dusty Lane in the approximate sum of $4,706.95. The Class 12 11 claim is impaired.

(1312)**Class 1312: Secured Claim of American Home Mortgage/ Wells Fargo Bank, N.A. as to 2135 N. Dusty Lane.** Class 13 12 consists of the secured claim of American Home Mortgage/Wells Fargo Bank, N.A. as to 2135 N. Dusty Lane. The Class 13 12 claim is impaired.

(1413)**Class 1413: Deemed Secured Claim of American Home Mortgage/ Wells Fargo Bank, N.A. as to 2135 N. Dusty Lane.** Class 14 13 consists of the unsecured deficiency portion of the claim of American Home Mortgage/Wells Fargo Bank, N.A as to 2135 N. Dusty Lane, in the event American Home Mortgage/Wells Fargo Bank, N.A makes a Code § 1111(b) election . – The Class 14 13 claim is impaired.

(15) ~~Class 15: Secured Real Estate Tax Claim of Pima County as to 10333 N. Coyote Lane. Class 15 consists of the secured real estate tax claim of Pima County as to 10333 N. Coyote Lane in the approximate sum of $1,984.28. The Class 15 claim is impaired.~~

(16) ~~Class 16: Secured Claim of M & I Marshall and Ilsley Bank as to 10333 N. Coyote Lane. Class 16 consists of the secured claim of M & I~~

12/14/2009

1  Marshall and Ilsley Bank as to 10333 N. Coyote Lane. The Class 16 claim is

2  impaired.

3         (17)   Class 17: Deemed Secured Claim of M & I Marshall and

4  Ilsley Bank as to 10333 N. Coyote Lane. Class 17 consists of the unsecured

5  deficiency portion of the claim of M & I Marshall and Ilsley Bank as to 10333 N.

6  Coyote Lane, in the event M & I Marshall and Ilsley Bank makes a Code § 1111(b)

7  election . The Class 17 claim is impaired.

8         (18)   Class 18: Secured Real Estate Tax Claim of Pima County

9  as to 4900 E. Winged Foot Drive. Class 18 consists of the secured real estate tax

10  claim of Pima County as to 4900 E. Winged Foot Drive in the approximate sum of

11  $34,449.89. The Class 18 claim is impaired.

12         (19)   Class 19: Secured Claim of Advanced Capital Mortgage as

13  to 4900 E. Winged Foot Drive. Class 19 consists of the secured claim of Advanced

14  Capital Mortgage as to 4900 E. Winged Foot Drive. The Class 19 claim is impaired.

15         (20)   Class 20: Deemed Secured Claim of Advanced Capital

16  Mortgage as to 4900 Winged Foot Drive. Class 20 consists of the unsecured

17  deficiency portion of the claim of Advanced Capital Mortgage as to 4900 Winged Foot

18  Drive, in the event Advanced Capital Mortgage makes a Code § 1111(b) election .

19  The Class 20 claim is impaired.

20         (21)   Class 21: Secured Real Estate Tax Claim of Maricopa

21  County as to 10187 Peak Circle. Class 21 consists of the secured real estate tax

22  claim of Maricopa County as to 10187 Peak Circle in the approximate sum of

23  $14,000.00. The Class 21 claim is impaired.

24         (22)   Class 22: Secured Claim of M & I Marshall and Ilsley Bank

25  as to 10187 Peak Circle. Class 22 consists of the secured claim of M & I Marshall

26

12/14/2009

1  ~~and Ilsley Bank as to 10187 Peak Circle.   The Class 22 claim is impaired.~~

2  ~~(23)   **Class 23: Deemed Secured Claim of M & I Marshall and**~~

3  ~~**Ilsley Bank as to 10187 Peak Circle.**   Class 23 consists of the unsecured~~

4  ~~deficiency portion of the claim of M & I Marshall and Ilsley Bank as to 10187 Peak~~

5  ~~Circle, in the event M & I Marshall and Ilsley Bank makes a Code § 1111(b) election.~~

6  ~~The Class 23 claim is impaired.~~

7  ~~(24)   **Class 24: Secured Real Estate Tax Claim of Maricopa**~~

8  ~~**County as to 26931 N. 103rd Street.**   Class 24 consists of the secured real estate~~

9  ~~tax claim of Maricopa County as to 26931 N. 103rd Street in the approximate sum of~~

10  ~~$17,978.27.   The Class 24 claim is impaired.~~

11  ~~(25)   **Class 25: Secured Claim of EFG Mortgage Acquisition,**~~

12  ~~**LLC as to 26931 N. 103rd Street.**   Class 25 consists of the secured claim of EFG~~

13  ~~Mortgage Acquisition, LLC as to 26931 N. 103rd Street.   The Class 25 claim is~~

14  ~~impaired.~~

15  ~~(26)   **Class 26: Deemed Secured Claim of EFG Mortgage**~~

16  ~~**Acquisition, LLC as to 26931 N. 103rd Street.**   Class 26 consists of the unsecured~~

17  ~~deficiency portion of the claim of EFG Mortgage Acquisition, LLC as to 26931 N.~~

18  ~~103rd Street, in the event EFG Mortgage Acquisition, LLC makes a Code § 1111(b)~~

19  ~~election.   The Class 26 claim is impaired.~~

20  (27~~14~~)**Class 27~~14~~: Secured Real Estate Tax Claim of Pima**

21  **County as to 3530 W. Massingale.**  Class ~~27~~ 14 consists of the secured real estate

22  tax claim of Pima County as to 3530 W. Massingale in the approximate sum of $0.00.

23  The Class ~~27~~ 14 claim is impaired.

24  (28~~15~~)**Class 28~~15~~: Secured Claim of Countrywide Financial/Bank**

25  **of America as to 3530 W. Massingale.**  Class ~~28~~ 15 consists of the secured claim of

26

12/14/2009

Countrywide Financial/Bank of America as to 3530 W. Massingale. - The Class ~~28~~ 15 claim is impaired.

(~~29~~16)**Class ~~29~~16: Deemed Secured Claim of Countrywide Financial/Bank of America as to 3530 W. Massingale.** Class ~~29~~ 16 consists of the unsecured deficiency portion of the claim of Countrywide Financial/Bank of America as to 3530 W. Massingale, in the event Countrywide Financial/Bank of America makes a Code § 1111(b) election. The Class ~~29~~ 16 claim is impaired.

(~~30~~17)**Class ~~30~~17: Secured Real Estate Tax Claim of Pima County as to 10640 E. Elkridge Place.** Class ~~30~~ 17 consists of the secured real estate tax claim of Pima County as to 10640 E. Elkridge Place in the approximate sum of $0.00. The Class ~~30~~ 17 claim is impaired.

(~~31~~18)**Class ~~31~~18: Secured Claim of Countrywide Financial/Bank of America as to 10640 E. Elkridge Place.** Class ~~31~~ 18 consists of the secured claim of Countrywide Financial/Bank of America as to 10640 E. Elkridge Place. The Class ~~31~~ 18 claim is impaired.

(~~32~~19)**Class ~~32~~19: Secured Real Estate Tax Claim of Pima County as to 851 N. Independence Avenue.** Class ~~32~~ 19 consists of the secured real estate tax claim of Pima County as to 851 N. Independence Avenue in the approximate sum of $0.00. The Class ~~32~~ 19 claim is impaired.

(~~33~~20)**Class ~~33~~20: Secured Claim of Countrywide Financial/Bank of America as to 851 N. Independence Avenue.** Class ~~33~~ 20 consists of the secured claim of Countrywide Financial/Bank of America as to 851 N. Independence Avenue. The Class ~~33~~ 20 claim is impaired.

(~~34~~21)**Class ~~34~~21: Secured Real Estate Tax Claim of Pima County as to 4660 S. Bayport Drive.** Class ~~34~~ 21 consists of the secured real

12/14/2009

1  estate tax claim of Pima County as to 4660 S. Bayport Drive in the approximate sum

2  of $0.00. The Class ~~34~~ 21 claim is impaired.

3      **(~~35~~22)Class ~~35~~22: Secured Claim of Countrywide Financial/Bank**

4  **of America as to 4660 S. Bayport Drive.** Class ~~35~~ 22 consists of the first priority

5  secured claim of Countrywide Financial/Bank of America as to 4660 S. Bayport

6  Drive. The Class ~~35~~ 22 claim is impaired.

7      **(~~36~~23)Class ~~36~~23: Secured Claim of Stephanie Kyle as to 4660 S.**

8  **Bayport Drive.** Class ~~36~~ 23 consists of the second priority secured claim of

9  Stephanie Kyle as to 4660 S. Bayport Drive. The Class ~~36~~ 23 claim is impaired.

10      **(~~37~~24)Class ~~37~~24: Secured Claim of American General.** Class ~~37~~

11  24 consists of the secured claim of American General as to the Debtor's Aston

12  Martin. The Class ~~37~~ 24 claim is impaired.

13      **(~~38~~25)Class ~~38~~25: Secured Claim of Tucson Federal Credit**

14  **Union.** Class ~~38~~ 25 consists of the secured claim of Tucson Federal Credit Union as

15  to the Debtor's 911 Porsche. The Class ~~38~~ 25 claim is impaired.

16      **(~~39~~26)Class ~~39~~26: Undersecured Claim of Lenders.** Class ~~39~~ 26

17  consists of the undersecured claims of the Debtor's real estate lenders unless such a

18  lender makes a Code § 1111(b) election. . The Class ~~39~~ 26 claims are impaired.

19      **(~~40~~27)Class ~~40~~27: Unsecured Claims of Consumer Creditors.**

20  Class ~~40~~ 27 consists of the general unsecured claims of the Debtor's consumer

21  creditors in the approximate sum of $150,000.00. The Class ~~40~~ 27 claims are

22  impaired.

23      **(~~41~~28)Class ~~41~~28: Interest of the Debtor.** Class ~~41~~ 28 consists of the

24  interest of the Debtor. The Class ~~41~~ 28 interest is not impaired.

25

26

12/14/2009

## ARTICLE 3
## TREATMENT OF CLAIMS

Pursuant to the Plan, the claims of creditors and interests are treated as follows:

(1) <u>**Treatment of the Class 1 Administrative Claims**</u>. The Class 1 claims will be paid on the Effective Date of the Plan or pursuant to payment schedules agreed to by the parties. The Class 1 claims are not impaired.

(2) <u>**Treatment of the Class 2 Claim**</u>. The Debtor believes there are no Class 2 claims.

(3) <u>**Treatment of the Class 3 Secured Real Estate Tax Claim of Pima County as to 10999 E. Escalante**</u>. The Class 3 claim shall be paid in equal semi-annual installments for five (5) years on or before April 30 and October 31 of each year plus interest at the rate of 16% per annum from the Petition date or upon the earlier sale or refinancing of the subject property. Real Estate taxes that accrue from the Petition Date to the Effective Date together with interest thereon at 16% per annum as to any portion that is paid after its statutory due date will be paid on the Effective Date. Thereafter, the real estate taxes shall be paid before they become delinquent. The Class 3 claim is impaired.

(4) <u>**Treatment of the Class 4 Secured Claim of Countrywide Financial/Bank of America as to 10999 E. Escalante**</u>. The Class 4 secured claim shall be paid the allowed amount of its secured claim as determined by the Court together with interest thereon at the rate of 5.0% per annum. Interest shall be prepaid for a period of one (1) month on the Effective Date of the Plan and on the same day of each month thereafter until the subject property is sold or refinanced or the extended loan term reaches its maturity date. The claim shall be payable in full upon the earlier of five (5) years from the Effective Date of the Plan or the sale of the

12/14/2009

1  subject property.  The late payment provisions of the subject Note shall be deemed

2  deleted.  The default interest rate under the subject Note shall be reduced to 10%

3  per annum.  The subject claim shall continue to be secured by the Deed of Trust now

4  held by the subject creditor.  In the event of default under the Plan as to this claim,

5  the subject creditor shall be entitled to commence and/or proceed with any

6  previously noticed Trustee Sale after first giving the Debtor 30 days notice and an

7  opportunity to cure any default as to its claim under the Plan.  The Class 4 claim is

8  impaired.

9  **(5)   Treatment of the Class 5 Undersecured Claim of**

10  **Countrywide Financial/Bank of America as to 10999 E. Escalante.**  The Class

11  5 undersecured claim shall be paid the principal amount of its claim as determined

12  by the Court together with interest thereon at the rate of 3.5% per annum upon the

13  sale or refinancing of the subject property or five (5) years from the Effective Date,

14  whichever is earlier.  The Class 5 claim is impaired.

15  **(6)   Treatment of the Class 6 Secured Real Estate Tax Claim of**

16  **Pima County as to 7557 E. Desert Anchor Blvd.**  The Class 6 claim shall be paid

17  in equal semi-annual installments for five (5) years on or before April 30 and

18  October 31 of each year plus interest at the rate of 16% per annum from the Petition

19  date or upon the earlier sale or refinancing of the subject property.  Real Estate

20  taxes that accrue from the Petition Date to the Effective Date together with interest

21  thereon at 16% per annum as to any portion that is paid after its statutory due date

22  will be paid on the Effective Date. Thereafter, the real estate taxes shall be paid

23  before they become delinquent.  The Class 6 claim is impaired.

24  **(7)   Treatment of the Class 7 Secured Claim of ~~Countrywide~~**

25  **~~Financial/Bank of America~~Deutsche Bank National Trust Company**

26

- 13 -

1   **("Deutche Bank") as to 7557 E. Desert Anchor Blvd.** The Class 7 secured claim

2   shall be paid the allowed amount of its secured claim as determined by the Court

3   together with interest thereon at the rate of 5.0% per annum. Interest shall be

4   prepaid for a period of one (1) month on the Effective Date of the Plan and on the

5   same day of each month thereafter until the subject property is sold or refinanced or

6   the extended loan term reaches its maturity date. The claim shall be payable in full

7   upon the earlier of five (5) years from the Effective Date of the Plan or the sale of the

8   subject property. The late payment provisions of the subject Note shall be deemed

9   deleted. The default interest rate under the subject Note shall be reduced to 10%

10   per annum. The subject claim shall continue to be secured by the Deed of Trust now

11   held by the subject creditor. In the event of default under the Plan as to this claim,

12   the subject creditor shall be entitled to commence and/or proceed with any

13   previously noticed Trustee Sale after first giving the Debtor 30 days notice and an

14   opportunity to cure any default as to its claim under the Plan. The Class 7 claim is

15   impaired. In the event the subject creditor makes an election under Code § 1111(b)

16   to be deemed fully secured as to the unsecured portion of its claim, its unsecured

17   claim shall be treated as a Class 8 claim. Otherwise, it shall be treated as a Class 39

18   claim. The Class 7 claim is impaired.

19        ~~**(8) Treatment of the Class 8 Deemed Secured Claim of**~~

20   ~~**Countrywide Financial/Bank of America as to 7557 E. Desert Anchor Blvd.**~~

21   ~~The Class 8 deemed secured claim will be paid without interest in an amount~~

22   ~~determined by the Court upon the earlier of five (5) years from the Effective Date of~~

23   ~~the Plan or the sale of the subject property. The Class 8 claim is impaired.~~

24        **(9~~8~~) Treatment of the Class ~~9~~ 8 Secured Real Estate Tax Claim**

25   **of Pima County as to 2131 N. Dusty Lane.** The Class ~~9~~ 8 claim shall be paid in

26

12/14/2009

1    equal semi-annual installments for five (5) years on or before April 30 and October

2    31 of each year plus interest at the rate of 16% per annum from the Petition date or

3    upon the earlier sale or refinancing of the subject property.  Real Estate taxes that

4    accrue from the Petition Date to the Effective Date together with interest thereon at

5    16% per annum as to any portion that is paid after its statutory due date will be

6    paid on the Effective Date. Thereafter, the real estate taxes shall be paid before they

7    become delinquent.  The Class 9 claim is impaired.

8    **(~~109~~) Treatment of the Class ~~10~~ 9 Secured Claim of American**

9    **Home Mortgage as to 2131 N. Dusty Lane.**  The Class ~~10~~ 9 secured claim shall be

10   paid the allowed amount of its secured claim as determined by the Court together

11   with interest thereon at the rate of 5.0% per annum.  Interest shall be prepaid for a

12   period of one (1) month on the Effective Date of the Plan and on the same day of

13   each month thereafter until the subject property is sold or refinanced or the

14   extended loan term reaches its maturity date.  The claim shall be payable in full

15   upon the earlier of five (5) years from the Effective Date of the Plan or the sale of the

16   subject property.  The late payment provisions of the subject Note shall be deemed

17   deleted.  The default interest rate under the subject Note shall be reduced to 10%

18   per annum. The subject claim shall continue to be secured by the Deed of Trust now

19   held by the subject creditor.  In the event of default under the Plan as to this claim,

20   the subject creditor shall be entitled to commence and/or proceed with any

21   previously noticed Trustee Sale after first giving the Debtor 30 days notice and an

22   opportunity to cure any default as to its claim under the Plan.  The Class ~~10~~ 9 claim

23   is impaired.  In the event the subject creditor makes an election under Code §

24   1111(b) to be deemed fully secured as to the unsecured portion of its claim, its

25   unsecured claim shall be treated as a Class ~~11~~ 10 claim.  Otherwise, it shall be

26

12/14/2009

1  treated as a Class ~~39~~ 26 claim.  The Class ~~10~~ 9 claim is impaired.

2  **(~~11~~10)Treatment of the Class ~~11~~ 10 Deemed Secured Claim of**

3  **American Home Mortgage as to 2131 N. Dusty Lane.**  The Class ~~11~~ 10 deemed

4  secured claim will be paid without interest in an amount determined by the Court

5  upon the earlier of five (5) years from the Effective Date of the Plan or the sale of the

6  subject property.  The Class ~~11~~ 10 claim is impaired.

7  **(~~12~~11)Treatment of the Class 12 Secured Real Estate Tax Claim**

8  **of Pima County as to 2135 N. Dusty Lane.**  The Class ~~12~~ 11 claim shall be paid

9  in equal semi-annual installments for five (5) years on or before April 30 and

10  October 31 of each year plus interest at the rate of 16% per annum from the Petition

11  date or upon the earlier sale or refinancing of the subject property.  Real Estate

12  taxes that accrue from the Petition Date to the Effective Date together with interest

13  thereon at 16% per annum as to any portion that is paid after its statutory due date

14  will be paid on the Effective Date. Thereafter, the real estate taxes shall be paid

15  before they become delinquent.  The Class ~~12~~ 11 claim is impaired.

16  **(~~13~~12)Treatment of the Class ~~13~~ 12 Secured Claim of American**

17  **Home Mortgage as to 2135 N. Dusty Lane.**  The Class ~~13~~ 12 secured claim shall

18  be paid the allowed amount of its secured claim as determined by the Court together

19  with interest thereon at the rate of 5.0% per annum.  Interest shall be prepaid for a

20  period of one (1) month on the Effective Date of the Plan and on the same day of

21  each month thereafter until the subject property is sold or refinanced or the

22  extended loan term reaches its maturity date.  The claim shall be payable in full

23  upon the earlier of five (5) years from the Effective Date of the Plan or the sale of the

24  subject property.  The late payment provisions of the subject Note shall be deemed

25  deleted.  The default interest rate under the subject Note shall be reduced to 10%

26

1    per annum. The subject claim shall continue to be secured by the Deed of Trust now

2    held by the subject creditor. In the event of default under the Plan as to this claim,

3    the subject creditor shall be entitled to commence and/or proceed with ~~any~~

4    previously noticed Trustee Sale after first giving the Debtor 30 days notice and an

5    opportunity to cure any default as to its claim under the Plan. The Class ~~13~~ 12

6    claim is impaired. In the event the subject creditor makes an election under Code §

7    1111(b) to be deemed fully secured as to the unsecured portion of its claim, its

8    unsecured claim shall be treated as a Class ~~14~~ 13 claim. Otherwise, it shall be

9    treated as a Class ~~39~~ 26 claim. The Class ~~13~~ 12 claim is impaired.

10    **(14̶13)Treatment of the Class ~~14~~ 13 Deemed Secured Claim of**

11    **American Home Mortgage as to 2135 N. Dusty Lane.** The Class ~~14~~ 13 deemed

12    secured claim will be paid without interest in an amount determined by the Court

13    upon the earlier of five (5) years from the Effective Date of the Plan or the sale of the

14    subject property. The Class ~~14~~ 13 claim is impaired.

15    **~~(15)   Treatment of the Class 15 Secured Real Estate Tax Claim~~**

16    ~~**of Pima County as to 10333 N. Coyote Lane.** The Class 15 claim shall be paid in~~

17    ~~equal semi-annual installments for five (5) years on or before April 30 and October~~

18    ~~31 of each year plus interest at the rate of 16% per annum from the Petition date or~~

19    ~~upon the earlier sale or refinancing of the subject property. Real Estate taxes that~~

20    ~~accrue from the Petition Date to the Effective Date together with interest thereon at~~

21    ~~16% per annum as to any portion that is paid after its statutory due date will be~~

22    ~~paid on the Effective Date. Thereafter, the real estate taxes shall be paid before they~~

23    ~~become delinquent. The Class 15 claim is impaired.~~

24    ~~**(16)   Treatment of the Class 16 Secured Claim of M&I Marshall**~~

25    ~~**and Ilsley Bank as to 10333 N. Coyote Lane.** The Class 16 secured claim shall~~

26

1  be paid the allowed amount of its secured claim as determined by the Court together
2  with interest thereon at the rate of 5.0% per annum. Interest shall be prepaid for a
3  period of one (1) month on the Effective Date of the Plan and on the same day of
4  each month thereafter until the subject property is sold or refinanced or the
5  extended loan term reaches its maturity date. The claim shall be payable in full
6  upon the earlier of five (5) years from the Effective Date of the Plan or the sale of the
7  subject property. The late payment provisions of the subject Note shall be deemed
8  deleted. The default interest rate under the subject Note shall be reduced to 10%
9  per annum. The subject claim shall continue to be secured by the Deed of Trust now
10 held by the subject creditor. In the event of default under the Plan as to this claim,
11 the subject creditor shall be entitled to commence and/or proceed with any
12 previously noticed Trustee Sale after first giving the Debtor 30 days notice and an
13 opportunity to cure any default as to its claim under the Plan. The Class 16 claim is
14 impaired. In the event the subject creditor makes an election under Code § 1111(b)
15 to be deemed fully secured as to the unsecured portion of its claim, its unsecured
16 claim shall be treated as a Class 17 claim. Otherwise, it shall be treated as a Class
17 39 claim. The Class 16 claim is impaired.

18     **(17)   Treatment of the Class 17 Deemed Secured Claim of M&I**
19 **Marshall and Ilsley Bank as to 10333 N. Coyote Lane.** The Class 17 deemed
20 secured claim will be paid without interest in an amount determined by the Court
21 upon the earlier of five (5) years from the Effective Date of the Plan or the sale of the
22 subject property. The Class 17 claim is impaired.

23     **(18)   Treatment of the Class 18 Secured Real Estate Tax Claim**
24 **of Pima County as to 4900 E. Winged Foot Drive.** The Class 18 claim shall be
25 paid in equal semi-annual installments for five (5) years on or before April 30 and
26

DEBTOR'S PLAN OF REORGANIZATION
DATED AUGUST 28, 2009 DEBTOR'S FIRST
AMENDED PLAN OF REORGANIZATION DATED

12/14/2009

1  October 31 of each year plus interest at the rate of 16% per annum from the Petition

2  date or upon the earlier sale or refinancing of the subject property. Real Estate

3  taxes that accrue from the Petition Date to the Effective Date together with interest

4  thereon at 16% per annum as to any portion that is paid after its statutory due date

5  will be paid on the Effective Date. Thereafter, the real estate taxes shall be paid

6  before they become delinquent. The Class 18 claim is impaired.

7  **(19) Treatment of the Class 19 Secured Claim of Advanced**

8  **Capital Mortgage as to 4900 E. Winged Foot Drive.** The Class 19 secured claim

9  shall be paid the allowed amount of its secured claim as determined by the Court

10 together with interest thereon at the rate of 5.0% per annum. Interest shall be

11 prepaid for a period of one (1) month on the Effective Date of the Plan and on the

12 same day of each month thereafter until the subject property is sold or refinanced or

13 the extended loan term reaches its maturity date. The claim shall be payable in full

14 upon the earlier of five (5) years from the Effective Date of the Plan or the sale of the

15 subject property. The late payment provisions of the subject Note shall be deemed

16 deleted. The default interest rate under the subject Note shall be reduced to 10%

17 per annum. The subject claim shall continue to be secured by the Deed of Trust now

18 held by the subject creditor. In the event of default under the Plan as to this claim,

19 the subject creditor shall be entitled to commence and/or proceed with any

20 previously noticed Trustee Sale after first giving the Debtor 30 days notice and an

21 opportunity to cure any default as to its claim under the Plan. The Class 19 claim is

22 impaired. In the event the subject creditor makes an election under Code § 1111(b)

23 to be deemed fully secured as to the unsecured portion of its claim, its unsecured

24 claim shall be treated as a Class 20 claim. Otherwise, it shall be treated as a Class

25 39 claim. The Class 19 claim is impaired.

26

1    ~~(20)   **Treatment of the Class 20 Deemed Secured Claim of**~~

2    ~~**Advanced Capital Mortgage as to 4900 E. Winged Foot Drive.** The Class 20~~

3    ~~deemed secured claim will be paid without interest in an amount determined by the~~

4    ~~Court upon the earlier of five (5) years from the Effective Date of the Plan or the sale~~

5    ~~of the subject property. The Class 20 claim is impaired.~~

6    ~~(21)   **Treatment of the Class 21 Secured Real Estate Tax Claim**~~

7    ~~**of Maricopa County as to 10187 Peak Circle.** The Class 21 claim shall be paid~~

8    ~~in equal semi-annual installments for five (5) years on or before April 30 and~~

9    ~~October 31 of each year plus interest at the rate of 16% per annum from the Petition~~

10   ~~date or upon the earlier sale or refinancing of the subject property. Real Estate~~

11   ~~taxes that accrue from the Petition Date to the Effective Date together with interest~~

12   ~~thereon at 16% per annum as to any portion that is paid after its statutory due date~~

13   ~~will be paid on the Effective Date. Thereafter, the real estate taxes shall be paid~~

14   ~~before they become delinquent. The Class 21 claim is impaired.~~

15   ~~(22)   **Treatment of the Class 22 Secured Claim of M & I**~~

16   ~~**Marshall and Ilsley Bank as to 10187 Peak Circle.** The Class 22 secured claim~~

17   ~~shall be paid the allowed amount of its secured claim as determined by the Court~~

18   ~~together with interest thereon at the rate of 5.0% per annum. Interest shall be~~

19   ~~prepaid for a period of one (1) month on the Effective Date of the Plan and on the~~

20   ~~same day of each month thereafter until the subject property is sold or refinanced or~~

21   ~~the extended loan term reaches its maturity date. The claim shall be payable in full~~

22   ~~upon the earlier of five (5) years from the Effective Date of the Plan or the sale of the~~

23   ~~subject property. The late payment provisions of the subject Note shall be deemed~~

24   ~~deleted. The default interest rate under the subject Note shall be reduced to 10%~~

25   ~~per annum. The subject claim shall continue to be secured by the Deed of Trust now~~

26

12/14/2009

1  held by the subject creditor. In the event of default under the Plan as to this claim,

2  the subject creditor shall be entitled to commence and/or proceed with any

3  previously noticed Trustee Sale after first giving the Debtor 30 days notice and an

4  opportunity to cure any default as to its claim under the Plan. The Class 22 claim is

5  impaired. In the event the subject creditor makes an election under Code § 1111(b)

6  to be deemed fully secured as to the unsecured portion of its claim, its unsecured

7  claim shall be treated as a Class 23 claim. Otherwise, it shall be treated as a Class

8  30 claim. The Class 22 claim is impaired.

9  **(23) Treatment of the Class 23 Deemed Secured Claim of M&I**

10  **Marshall and Ilsley Bank as to 10187 Peak Circle.** The Class 23 deemed

11  secured claim will be paid without interest in an amount determined by the Court

12  upon the earlier of five (5) years from the Effective Date of the Plan or the sale of the

13  subject property. The Class 23 claim is impaired.

14  **(24) Treatment of the Class 24 Secured Real Estate Tax Claim**

15  **of Maricopa County as to 26931 N. 103rd Street.** The Class 24 claim shall be

16  paid in equal semi-annual installments for five (5) years on or before April 30 and

17  October 31 of each year plus interest at the rate of 16% per annum from the Petition

18  date or upon the earlier sale or refinancing of the subject property. Real Estate

19  taxes that accrue from the Petition Date to the Effective Date together with interest

20  thereon at 16% per annum as to any portion that is paid after its statutory due date

21  will be paid on the Effective Date. Thereafter, the real estate taxes shall be paid

22  before they become delinquent. The Class 24 claim is impaired.

23  **(25) Treatment of the Class 25 Secured Claim of EFG Mortgage**

24  **Acquisition, LLC as to 26931 N. 103rd Street.** The Class 25 secured claim shall

25  be paid the allowed amount of its secured claim as determined by the Court together

26

1  ~~with interest thereon at the rate of 5.0% per annum. Interest shall be prepaid for a~~

2  ~~period of one (1) month on the Effective Date of the Plan and on the same day of~~

3  ~~each month thereafter until the subject property is sold or refinanced or the~~

4  ~~extended loan term reaches its maturity date. The claim shall be payable in full~~

5  ~~upon the earlier of five (5) years from the Effective Date of the Plan or the sale of the~~

6  ~~subject property. The late payment provisions of the subject Note shall be deemed~~

7  ~~deleted. The default interest rate under the subject Note shall be reduced to 10%~~

8  ~~per annum. The subject claim shall continue to be secured by the Deed of Trust now~~

9  ~~held by the subject creditor. In the event of default under the Plan as to this claim,~~

10 ~~the subject creditor shall be entitled to commence and/or proceed with any~~

11 ~~previously noticed Trustee Sale after first giving the Debtor 30 days notice and an~~

12 ~~opportunity to cure any default as to its claim under the Plan. The Class 25 claim is~~

13 ~~impaired. In the event the subject creditor makes an election under Code § 1111(b)~~

14 ~~to be deemed fully secured as to the unsecured portion of its claim, its unsecured~~

15 ~~claim shall be treated as a Class 26 claim. Otherwise, it shall be treated as a Class~~

16 ~~39 claim. The Class 25 claim is impaired.~~

17 ~~**(26) Treatment of the Class 26 Deemed Secured Claim of EFG**~~

18 ~~**Mortgage Acquisition, LLC as to 26931 N. 103ʳᵈ Street.** The Class 26 deemed~~

19 ~~secured claim will be paid without interest in an amount determined by the Court~~

20 ~~upon the earlier of five (5) years from the Effective Date of the Plan or the sale of the~~

21 ~~subject property. The Class 26 claim is impaired.~~

22 **(27~~14~~)Treatment of the Class 27 ~~14~~ Secured Real Estate Tax**

23 **Claim of Pima County as to 3530 W. Massingale.** The Class ~~27~~ 14 claim shall be

24 paid in equal semi-annual installments for five (5) years on or before April 30 and

25 October 31 of each year plus interest at the rate of 16% per annum from the Petition

26

1  date or upon the earlier sale or refinancing of the subject property. Real Estate

2  taxes that accrue from the Petition Date to the Effective Date together with interest

3  thereon at 16% per annum as to any portion that is paid after its statutory due date

4  will be paid on the Effective Date. Thereafter, the real estate taxes shall be paid

5  before they become delinquent. The Class ~~27~~ 14 claim is impaired.

6  **(~~28~~15)Treatment of the Class ~~28~~—15 Secured Claim of**

7  **Countrywide Financial/Bank of America as to 3530 W. Massingale.** The

8  Class ~~28~~ 15 secured claim shall be paid the allowed amount of its secured claim as

9  determined by the Court together with interest thereon at the rate of 5.0% per

10  annum. Interest shall be prepaid for a period of one (1) month on the Effective Date

11  of the Plan and on the same day of each month thereafter until the subject property

12  is sold or refinanced or the extended loan term reaches its maturity date. The claim

13  shall be payable in full upon the earlier of five (5) years from the Effective Date of

14  the Plan or the sale of the subject property. The late payment provisions of the

15  subject Note shall be deemed deleted. The default interest rate under the subject

16  Note shall be reduced to 10% per annum. The subject claim shall continue to be

17  secured by the Deed of Trust now held by the subject creditor. In the event of

18  default under the Plan as to this claim, the subject creditor shall be entitled to

19  commence and/or proceed with any previously noticed Trustee Sale after first giving

20  the Debtor 30 days notice and an opportunity to cure any default as to its claim

21  under the Plan. The Class ~~28~~ 15 claim is impaired. In the event the subject creditor

22  makes an election under Code § 1111(b) to be deemed fully secured as to the

23  unsecured portion of its claim, its unsecured claim shall be treated as a Class ~~29~~ 16

24  claim. Otherwise, it shall be treated as a Class ~~39~~ 26 claim. The Class ~~28~~ 15 claim

25  is impaired.

26

12/14/2009

1    **(2916)Treatment of the Class 29 16 Deemed Secured Claim of**

2    **Countrywide Financial/Bank of America as to 3530 W. Massingale.**   The

3    Class 29 16 deemed secured claim will be paid without interest in an amount

4    determined by the Court upon the earlier of five (5) years from the Effective Date of

5    the Plan or the sale of the subject property.   The Class 29 16 claim is impaired.

6    **(3017)Treatment of the Class 30 17 Secured Real Estate Tax**

7    **Claim of Pima County as to 10640 E. Elkridge Place.**   The Class 30 17 claim

8    shall be paid in equal semi-annual installments for five (5) years on or before April

9    30 and October 31 of each year plus interest at the rate of 16% per annum from the

10   Petition date or upon the earlier sale or refinancing of the subject property.   Real

11   Estate taxes that accrue from the Petition Date to the Effective Date together with

12   interest thereon at 16% per annum as to any portion that is paid after its statutory

13   due date will be paid on the Effective Date. Thereafter, the real estate taxes shall be

14   paid before they become delinquent.   The Class 30 17 claim is impaired.

15   **(3118)Treatment of the Class 31 18 Secured Claim of**

16   **Countrywide Financial/Bank of America as to 10640 E. Elkridge Place.**   The

17   Class 31 18 secured claim shall be paid the allowed amount of its secured claim as

18   determined by the Court together with interest thereon at the rate of 5.0% per

19   annum.   Interest shall be prepaid for a period of one (1) month on the Effective Date

20   of the Plan and on the same day of each month thereafter until the subject property

21   is sold or refinanced or the extended loan term reaches its maturity date.   The claim

22   shall be payable in full upon the earlier of five (5) years from the Effective Date of

23   the Plan or the sale of the subject property.   The late payment provisions of the

24   subject Note shall be deemed deleted.   The default interest rate under the subject

25   Note shall be reduced to 10% per annum.   The subject claim shall continue to be

26

12/14/2009

secured by the Deed of Trust now held by the subject creditor.   In the event of default under the Plan as to this claim, the subject creditor shall be entitled to commence and/or proceed with any previously noticed Trustee Sale after first giving the Debtor 30 days notice and an opportunity to cure any default as to its claim under the Plan.  The Class ~~31~~ 18 claim is impaired.  ~~In the event the subject creditor makes an election under Code § 1111(b) to be deemed fully secured as to the unsecured portion of its claim, its unsecured claim shall be treated as a Class 8 claim.  Otherwise, it shall be treated as a Class 39 claim.  The Class 31 claim is impaired.~~

**(~~32~~19)Treatment of the Class ~~32~~ 19 Secured Real Estate Tax Claim of Pima County as to 851 N. Independence Avenue.**  The Class ~~32~~ 19 claim shall be paid in equal semi-annual installments for five (5) years on or before April 30 and October 31 of each year plus interest at the rate of 16% per annum from the Petition date or upon the earlier sale or refinancing of the subject property.  Real Estate taxes that accrue from the Petition Date to the Effective Date together with interest thereon at 16% per annum as to any portion that is paid after its statutory due date will be paid on the Effective Date. Thereafter, the real estate taxes shall be paid before they become delinquent.  The Class ~~32~~ 19 claim is impaired.

**(~~33~~20)Treatment of the Class ~~33~~—20 Secured Claim of Countrywide Financial/Bank of America as to 851 N. Independence Avenue.**  The Class ~~33~~ 20 secured claim shall be paid the allowed amount of its secured claim as determined by the Court together with interest thereon at the rate of 5.0% per annum.  Interest shall be prepaid for a period of one (1) month on the Effective Date of the Plan and on the same day of each month thereafter until the subject property is sold or refinanced or the extended loan term reaches its maturity date.  The claim

12/14/2009

1    shall be payable in full upon the earlier of five (5) years from the Effective Date of

2    the Plan or the sale of the subject property. The late payment provisions of the

3    subject Note shall be deemed deleted. The default interest rate under the subject

4    Note shall be reduced to 10% per annum. The subject claim shall continue to be

5    secured by the Deed of Trust now held by the subject creditor. In the event of

6    default under the Plan as to this claim, the subject creditor shall be entitled to

7    commence and/or proceed with any previously noticed Trustee Sale after first giving

8    the Debtor 30 days notice and an opportunity to cure any default as to its claim

9    under the Plan. The Class ~~33~~ 20 claim is impaired. ~~In the event the subject creditor~~

10    ~~makes an election under Code § 1111(b) to be deemed fully secured as to the~~

11    ~~unsecured portion of its claim, its unsecured claim shall be treated as a Class 8~~

12    ~~claim. Otherwise, it shall be treated as a Class 39 claim. The Class 33 claim is~~

13    ~~impaired.~~

14    **(~~34~~21)Treatment of the Class ~~34~~ 21 Secured Real Estate Tax**

15    **Claim of Pima County as to 4660 S. Bayport Dr.** The Class ~~34~~ 21 claim shall be

16    paid in equal semi-annual installments for five (5) years on or before April 30 and

17    October 31 of each year plus interest at the rate of 16% per annum from the Petition

18    date or upon the earlier sale or refinancing of the subject property. Real Estate

19    taxes that accrue from the Petition Date to the Effective Date together with interest

20    thereon at 16% per annum as to any portion that is paid after its statutory due date

21    will be paid on the Effective Date. Thereafter, the real estate taxes shall be paid

22    before they become delinquent. The Class ~~34~~ 21 claim is impaired.

23    **(~~35~~22)Treatment of the Class ~~35~~ 22 First Secured Claim of**

24    **Countrywide Financial/Bank of America as to 4660 S. Bayport Drive.** The

25    Class ~~35~~ 22 secured claim shall be paid the allowed amount of its secured claim as

26

1   determined by the Court together with interest thereon at the rate of 5.0% per

2   annum. Interest shall be prepaid for a period of one (1) month on the Effective Date

3   of the Plan and on the same day of each month thereafter until the subject property

4   is sold or refinanced or the extended loan term reaches its maturity date. The claim

5   shall be payable in full upon the earlier of five (5) years from the Effective Date of

6   the Plan or the sale of the subject property. The late payment provisions of the

7   subject Note shall be deemed deleted. The default interest rate under the subject

8   Note shall be reduced to 10% per annum. The subject claim shall continue to be

9   secured by the Deed of Trust now held by the subject creditor. In the event of

10   default under the Plan as to this claim, the subject creditor shall be entitled to

11   commence and/or proceed with any previously noticed Trustee Sale after first giving

12   the Debtor 30 days notice and an opportunity to cure any default as to its claim

13   under the Plan. The Class ~~35~~ 22 claim is impaired.

14       **(36<u>23</u>)<u>Treatment of the Class ~~36~~ 23 Second Secured Claim of</u>**

15   **<u>Stephanie Kyle as to 4660 S. Bayport Drive</u>.** The Class ~~36~~ 23 secured claim

16   shall be paid the allowed amount of its secured claim as determined by the Court

17   together with interest thereon at the rate of 5.0% per annum. Interest shall be

18   prepaid for a period of one (1) month on the Effective Date of the Plan and on the

19   same day of each month thereafter until the subject property is sold or refinanced or

20   the extended loan term reaches its maturity date. The claim shall be payable in full

21   upon the earlier of five (5) years from the Effective Date of the Plan or the sale of the

22   subject property. The late payment provisions of the subject Note shall be deemed

23   deleted. The default interest rate under the subject Note shall be reduced to 10%

24   per annum. The subject claim shall continue to be secured by the Deed of Trust now

25   held by the subject creditor. In the event of default under the Plan as to this claim,

26

12/14/2009

the subject creditor shall be entitled to commence and/or proceed with any previously noticed Trustee Sale after first giving the Debtor 30 days notice and an opportunity to cure any default as to its claim under the Plan. The Class 36 23 claim is impaired.

(3724)**Treatment of the Class 37 24 Secured Claim of American General Financial Services, Inc., ("American General").** The Class 37 24 secured claim of this Creditor in the sum of $46,000.00 shall bear interest at the rate of 14.99% per annum and shall be payable at the rate of $1,000.00 per month on the 7th day of each month, retroactive to September 7, 2009 until the claim has been paid in full. All payments are to be made to American General at 4528 East Broadway Boulevard, Tucson, Arizona 85711, and must be in the form of a cashier's check or money order. The Debtor shall have a 7 day grace period to cure any failure to timely make any payment required which grace period shall expire without any further notice. In the event of default of Debtor's obligations hereunder, American General shall be permitted, in its discretion, to take appropriate steps to retrieve the collateral, or take whatever other actions necessary to protect its interest in the collateral, after the expiration of the 7 day grace period. In that event, all amounts, including both pre-petition and post-petition arrearages, shall become immediately due and payable in full. The Class 37 24 claim is impaired.

(3825)**Treatment of the Class 38 25 Secured Claim of Tucson Federal Credit Union ("TFCU").** The Class 38 25 secured claim of this Creditor in the sum of $48,959.80 shall bear interest at the rate of 6.99% per annum and shall be payable at the rate of $1,000.00 per month on the Effective Date and on the 1st day of each month until the claim has been paid in full. All payments are to be made to Tucson Federal Credit Union, P.O. Box 42435, Tucson, Arizona 85733, and

12/14/2009

must be in the form of a cashier's check or money order. The Debtor shall have the 7 day grace period to cure any failure to timely make any payment required. Which grace period shall expire without any further notice. In the event of default of Debtor's obligations hereunder, TFCU shall be permitted, in its discretion, to take appropriate steps to retrieve the collateral, or take whatever other actions necessary to protect its interest in the collateral, after the expiration of the 7 day grace period. In that event, all amounts, including both pre-petition and post-petition arrearages, shall become immediately due and payable in full. The Class 38—25 claim is impaired.

(3926)**Treatment of the Class 39—26 Undersecured Lender Claims.** Each of the Class 39—26 undersecured lender claims shall be paid the principal amount of such claim as determined by the Court together with interest thereon at the rate of 3.5% per annum upon the earlier of 5 years from the Effective Date of the Plan or the sale of the property as to which the claim arose. The Class 39—26 claims are impaired.

(4027)**Treatment of the Class 40—27 Claims of Unsecured Consumer Creditors.** The Class 40—27 claims of unsecured consumer creditors will be paid the principal amount of their claims as allowed by the Court with interest thereon at the rate of 3.5% per annum in 4 equal installments of principal plus accrued interest commencing 1 year from the Effective Date. The Class 40—27 claims are impaired.

(4128)**Treatment of the Class 41—28 Claims of the Debtor's Interest.** The existing interest of the Debtor shall remain in full force and effect and is not impaired.

**ARTICLE 4**
**IMPLEMENTATION OF THE PLAN**

**4.1  Funding of the Plan.**  The Debtor will provide the funds in the estimated sum of $30,000.00 plus the additional amount necessary for payment of any of the real estate tax claim accruing between the Petition Date and the Effective Date on the Effective Date of the Plan.  In addition to real estate tax payment, such sum will fund the first payment due to all of the secured creditors under the Plan except for American General, as its payments commenced prior to the Effective Date.  It will also pay U.S. Trustee's Fees estimated to total no more than $1,000.00 on the Effective Date.

The Debtor was not assisted by an accountant in the preparation of any of the information provided herein.  The valuation opinions expressed by the Debtor herein are based on a comparative sale approach to value.

**4.2  Post-Confirmation of the Debtor.**  The business affairs of the Debtor will continue to be managed by the Debtor.

**4.3  Executory Contracts.**  The Debtor is not a party to any executory contracts.

**4.4  United States Trustee Fees and Reports.**  After confirmation of the Plan, and until such time as this case is closed, the Debtor will file all reports required to be filed with the Office of the United States Trustee and will pay all fees required to be paid to the Office of the United States Trustee.

**ARTICLE 5**
**EFFECT OF CONFIRMATION**

On the Effective Date of the Plan, the provisions of the Confirmation Order will bind the Debtor, and any creditor or equity security holder in the Debtor, whether or not the claim or interest of such creditor or equity security holder is impaired under the Plan and whether or not such creditor or equity security holder

~~D~~~~EBTOR'S~~ ~~P~~~~LAN OF~~ ~~R~~~~EORGANIZATION~~
~~D~~~~ATED~~ ~~A~~~~UGUST~~ ~~28, 2009~~ DEBTOR'S FIRST
AMENDED PLAN OF REORGANIZATION DATED

12/14/2009

has accepted the Plan. Thus, each creditor shall only be entitled to receive the payment, if any, provided for in the Plan as to such creditor's claim. Except as otherwise provided in the Plan or in the Confirmation Order, the confirmation of the Plan vests all the property of the estate in the Debtor. Further, except as otherwise provided in the Plan or in the Confirmation Order, the property dealt with by the Plan is and shall be free and clear of all claims and interests of creditors or equity security holders on the Effective Date.

### ARTICLE 6
### GENERAL PROVISIONS

**6.1** **No Additional Charges.** Except as expressly stated in the Plan, or as allowed by court order, no interest, penalty, late charge or additional charges (such as attorneys' fees) shall be allowed on any claim subsequent to the Petition Date. This provision does not apply to real estate tax claims.

**6.2** **Remedies to Cure Defects.** After confirmation, the Debtor may, with the approval of the Court, and so long as it does not materially or adversely affect the interest of creditors, remedy any defect or omission, or reconcile any inconsistencies in the Plan, or in the confirmation of the Plan, in such a manner as may be necessary to carry out the purpose and the intent of the Plan.

### ARTICLE 7
### MODIFICATION OF THE PLAN

The Debtor will have the right to modify the Plan in accordance with the provisions of the Code. In this regard:

7.1 In accordance with § 1127(a) of the Code and Chapter 11, 11 U.S.C. § 1127(a), modification(s) of the Plan may be proposed in writing by the Debtor at any time(s) before its confirmation, provided that the Plan, as thus modified, meets the requirements of §§ 1122 and 1123 of the Code and Chapter 11, 11 U.S.C. §§ 1122 and 1123, and the Debtor complies with § 1125 of the Code and Chapter 11, 11

1  U.S.C. § 1125.

2      7.2    In accordance with § 1127(b) of the Code and Chapter 11, 11 U.S.C. §

3  1127(b), the Plan also may be modified in writing by the Debtor at any time(s) before

4  its substantial consummation, <u>provided that</u> the circumstances then existing justify

5  such modification(s) and the Court confirms the Plan, as thus modified, under § 1129

6  of the Code.

7      7.3    Any holder of a claim or interest that has accepted or rejected the Plan

8  will be deemed to have accepted or rejected, as the case may be, the Plan as modified

9  unless within the time fixed by the Court for doing so, such holder changes its

10  previous acceptance or rejection.

11      7.4    Every modification of the Plan will supersede the previous version(s) of

12  the Plan as and whenever each such modification is effective as provided in this

13  Article 12.

14                          **ARTICLE 8**
                   **RETENTION OF JURISDICTION**

15      Notwithstanding the confirmation of the Plan, the Court will retain such

16  jurisdiction as is provided for by applicable law.

17                          **ARTICLE 9**
18         **CONFIRMATION BY THE NON-ACCEPTANCE METHOD**

19      Pursuant to § 1129(b) of the Code, if one or more impaired classes of claims or

20  interests does not accept the Plan, the Court may nevertheless confirm the Plan if

21  certain additional criteria are satisfied.  The Debtor expressly reserves the right to

22  request confirmation of this Plan pursuant to the nonacceptance method set forth in

23  § 1129(b) of the Code.

24                          **ARTICLE 10**
                   **DISCLOSURE STATEMENT**

25      When the Debtor solicits the requisite acceptance(s) of this First Amended

26

12/14/2009

1  Plan, it will be accompanied by a Disclosure Statement that will have been approved

2  by the Court prior to such solicitation. The Debtor requests that, at that time, all

3  parties whose acceptance(s) of this Plan are solicited should direct their attention to

4  the Disclosure Statement.

5      Dated this ——8th day of ~~August~~December, 2009.

6

7

8                    Murphy R Kittrell, Jr.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26