# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | Chapter 11 |
| MURPHY RAY KITTRELL, Jr., | Case No. 4:09-bk-08537-BMW |
| Debtor. | **RULING AND ORDER REGARDING MOTION TO REOPEN CASE** |

This matter is before the Court pursuant to the *Motion to Reopen Case to Void Judgments* (the "Motion to Reopen") (Dkt. 435) filed by Murphy Ray Kittrell, Jr. ("Mr. Kittrell"), the Debtor in this dismissed case, on July 1, 2020; the *Judgment Assignee's Objection to Debtor Murphy Kittrell's Motion to Reopen Case* (Dkt. 442) filed by Carol Thiesen ("Ms. Thiesen") on July 16, 2020; the *Reply in Support of Debtor's Motion to Reopen Case* (Dkt. 444) filed by Mr. Kittrell on July 30, 2020; the *Declaration in Support of Motion to Reopen Case and Motion to Void Judgments* (Dkt. 446) filed by Mr. Kittrell on July 30, 2020; the *Declaration in Support of Motion to Reopen Case and Motion to Void Judgments* (Dkt. 447) filed by Mr. Kittrell on July 30, 2020; and all filings related thereto.

Mr. Kittrell moves the Court to reopen this bankruptcy case for the sole purpose of pursuing a *Motion to Void Judgments* (the "Motion to Void") (Dkt. 437), in which Mr. Kittrell asks the Court to void judgments obtained against him by Baron Financial, LLC ("Baron Financial") and Baron Partners, LLC ("Baron Partners," and collectively with Baron Financial, the "Baron Creditors") on the basis that they were entered in violation of the automatic stay.

Ms. Thiesen is the assignee of the Baron Judgments and opposes the Motion to Reopen

on the basis that the motion is procedurally improper, the underlying litigation was settled, and the doctrines of laches and unclean hands bar Mr. Kittrell from attempting to reopen this case to pursue the Motion to Void.

The Court held a hearing on the Motion to Reopen on September 16, 2020, at which time counsel presented oral argument. At the conclusion of the hearing, the Court took this matter under advisement.

Based upon the pleadings, arguments of counsel, and entire record before the Court, the Court now issues its ruling.

## I.    **Jurisdiction**

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

## II.    **Facts & Procedural Background**

The following facts and background are undisputed or indisputable.

In or about 2006, Mr. Kittrell executed personal guarantees to secure loans made by the Baron Creditors.

This bankruptcy case was filed on April 27, 2009, when Mr. Kittrell filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

On May 4, 2009, Mr. Kittrell filed the required master mailing list. (Dkt. 12). The Baron Creditors were not listed on the master mailing list or ever added to the master mailing list.

On May 13, 2009, Mr. Kittrell filed his schedules. (Dkt. 17). The Baron Creditors were not listed on Mr. Kittrell's schedules.

On or about January 27, 2010 and March 23, 2010, the Baron Creditors filed lawsuits against Mr. Kittrell and others in Maricopa County Superior Court (the "State Court") to enforce pre-petition loan agreements and the personal guarantees on those loan agreements executed by Mr. Kittrell and others.[1]

On or about March 12, 2010 and May 19, 2010, Mr. Kittrell filed answers in the State

---

[1] Baron Financial filed Maricopa County Case No. CV2010-050758 on or about January 27, 2010, and Baron Partners filed Maricopa County Case No. CV2010-051334 on or about March 23, 2010 (collectively, the "State Court Proceedings"). The Court will take judicial notice of the dockets in the State Court Proceedings.

Court Proceedings. (*See* Dkt. 442 at Ex. 1-2).

On April 21, 2010, this Court confirmed Mr. Kittrell's chapter 11 plan. At no time prior to or during the confirmation proceedings did Mr. Kittrell inform the Court of the State Court Proceedings.

On or about January 27, 2011, the State Court entered a judgment in favor of Baron Financial against Mr. Kittrell and others in the amount of $385,921.25, plus interest, costs, and attorneys' fees (the "Baron Financial Judgment"). On the same date, the State Court entered a judgment in favor of Baron Partners against Mr. Kittrell and others in the amount of $1,115,625.00, plus interests, costs, and attorneys' fees (the "Baron Partners Judgment," and together with the Baron Financial Judgment, the "Baron Judgments").

On September 17, 2013, this bankruptcy case was dismissed because Mr. Kittrell failed to file required post-confirmation reports and failed to pay required U.S. Trustee fees. (Dkt. 421). Mr. Kittrell does not dispute that he defaulted under the terms of his confirmed plan, and neither a final decree nor a discharge was ever entered in this case.

On or about November 4, 2016, Mr. Kittrell filed a motion in the Baron Partners State Court case seeking to vacate the Baron Partners Judgment.

On January 18, 2017, the State Court denied Mr. Kittrell's motion to vacate the Baron Partners Judgment. During the proceedings, Mr. Kittrell did not dispute that Baron Partners was unaware of this bankruptcy case. (Dkt. 442 at Ex. 3). The State Court found that Mr. Kittrell had not told Baron Partners or the State Court about the stay when the State Court action was filed, at any time during the litigation, when the State Court entered the Baron Partners Judgment, or when the Baron Partners Judgment was renewed five years after it was entered. (Dkt. 442 at Ex. 3). Mr. Kittrell appealed the State Court's ruling.

In or about March 2017, while the appeal was pending, the Baron Creditors, Mr. Kittrell, and the other judgment debtors executed an *Agreement and Covenant Not to Execute and Mutual Release* (the "Settlement Agreement") (Dkt. 442 at Ex. 4). In the Settlement Agreement, Mr. Kittrell and the other judgment debtors expressly agreed that the Baron Judgments were valid and that they would take no further legal action to challenge the enforceability of the Baron

Judgments. Pursuant to the Settlement Agreement, the parties agreed to settle the Baron Judgments entered in the Baron State Court Proceedings for $700,000, to be paid over three years, in full satisfaction of the Baron Judgments.

On October 22, 2018, Mr. Kittrell filed another bankruptcy case (the "2018 Case"),[2] his fifth in this District.[3] In the 2018 Case, Mr. Kittrell scheduled Baron Financial as holding a contingent, unliquidated, disputed claim, and described the claim as a "Guaranty Claim" pertaining to a "CV2010-050758 Judgment." Mr. Kittrell disclosed the Baron Financial lawsuit on his statement of financial affairs and indicated that the lawsuit was concluded. Mr. Kittrell did not schedule any claims against third parties on his schedule of personal property, and notably, he did not list any claim against the Baron Creditors for violation of the stay in this case.

On April 4, 2019, the 2018 Case was dismissed at Mr. Kittrell's request.

On July 1, 2020, Mr. Kittrell filed the Motion to Reopen.

During the hearing on the Motion to Reopen, counsel for Mr. Kittrell confirmed that Mr. Kittrell is engaged in and/or profiting from the medical marijuana industry. (9/26/2020 Hearing Tr. 18:17-25).

## III.    Legal Analysis & Conclusions of Law

Section 350(b)[4] provides that "[a] case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." *See also* Fed. R. Bankr. P. 5010. However, "an order dismissing a bankruptcy proceeding is not an order closing it [and] . . . a motion to vacate a dismissal is not a motion to reopen . . . ." *In re Income Prop. Builders, Inc.*, 699 F.2d 963, 965 (9th Cir. 1982). "A 'dismissed' case cannot be reopened under § 350(b) because it was not 'closed' under § 350(a) following the administration of the estate." *In re Papazov*, BAP No. CC-12-1584-KICLD, 2013 WL 2367802, at *9 (B.A.P. 9th Cir. May 30, 2013), *aff'd*, 610 F. App'x 700 (9th Cir. 2015); *see also In re Hashiman*, BAP No. CC-20-1107-TaLS (B.A.P. 9th Cir. Oct. 5, 2020). "[A] case dismissal can only be undone through

---

[2] Case number 4:18-bk-12869-BMW.

[3] Mr. Kittrell was represented by counsel in the 2018 Case.

[4] Unless otherwise indicated, statutory references are to the Bankruptcy Code, title 11 of the United States Code.

an appeal or a motion under Rules 9023 or 9024." *In re Hashiman*, BAP No. CC-20-1107-TaLS at *4.

This case was dismissed because Mr. Kittrell failed to file required reports and pay required fees. Mr. Kittrell does not dispute that he defaulted under the terms of his confirmed plan, and a final decree was never entered in this case. This case was closed, not because the estate was fully administered, but because the case was dismissed. Further, Mr. Kittrell has not sought to vacate the dismissal order in this case, and there is nothing in the record that indicates that there are any circumstances that would constitute grounds to vacate the dismissal order.[5] Given that this case was dismissed and not closed pursuant to § 350(a), this case cannot be reopened pursuant to § 350(b).

Even if this case could be reopened pursuant to § 350(b), a motion to reopen must be filed "within a 'reasonable' time[.]" *In re Welch*, BAP No. NV-14-1079-HlPaJu, 2015 WL 65307, at *4 (B.A.P. 9th Cir. Jan. 5, 2015). "The longer a party waits to file a motion to reopen a closed bankruptcy case, the more compelling the reason to reopen must be." *Id.* at *5 (quoting *Redmond v. Fifth Third Bank*, 624 F.3d 793, 799 (7th Cir. 2010)).

Whether a request to reopen has been made within a reasonable amount of time is determined based on the totality of the circumstances. *Id.* at *4. Courts may consider, among other things, the diligence of the moving party, as well as the prejudice, if any, to the nonmoving party caused by the delay. *Id.* at *5 (quoting *Redmond*, 624 F.3d at 799). "[E]quity assists the vigilant and diligent, not those who sleep on their rights." *Id.* (quoting *Matter of Pagan*, 59 B.R. 394, 397 (D.P.R. 1986)).

The State Court Proceedings were filed in 2010, and Mr. Kittrell was aware or should have been aware of any stay violation claims no later than early 2010, when he filed answers in the State Court Proceedings. The Baron Judgments were then entered in 2011, while Mr. Kittrell's bankruptcy case was open and pending before the Court. Mr. Kittrell does not dispute that at no point before he filed the Motion to Reopen on July 1, 2020, did he bring the Baron

---

[5] Mr. Kittrell's counsel conceded that he was not asking to reorganize or otherwise proceed with this case. (9/16/2020 Hearing Tr. 18:23-25).

Judgments to this Court's attention. Mr. Kittrell simply sat on his rights, eventually settled with the Baron Creditors, and brought the matter to the attention of this Court only when he was faced with collection actions for failure to abide by the terms of the Settlement Agreement.

Mr. Kittrell may have been self-represented from time to time, but Mr. Kittrell, who has been represented by numerous attorneys over the course of the last decade, is not entitled to leniency on the basis that he proceeded without counsel for some period of time. *See In re Stober*, 193 B.R. 5, 9 (Bankr. D. Ariz. 1996) ("Laymen who insist on representing themselves are held to the same standards as attorneys.").

Based upon the foregoing, and the totality of the circumstances, the Court finds and concludes that the Motion to Reopen was not filed within a reasonable amount of time.

Further, whether to reopen a bankruptcy case is in the sound discretion of the Court. *In re Castillo*, 297 F.3d 940, 945 (9th Cir. 2002), *as amended* (Sept. 6, 2002) (quoting *In re Elias,* 215 B.R. 600, 604 (B.A.P. 9th Cir. 1997)). When determining whether to reopen a bankruptcy case, courts may consider the following non-exclusive factors, among others: (1) "the length of time that the case has been closed;" (2) "whether the debtor would be entitled to relief if the case were reopened;" (3) "the availability of nonbankruptcy courts, such as state courts, to entertain the claims[;]" and (4) "whether any parties would be prejudiced were the case reopened or not." *In re Welch*, No. 2015 WL 65307, at *4.

Analyzing these factors as they apply to the facts of this case:

**1.** **<u>Length of Time Case Has Been Closed</u>**

This case was closed on December 19, 2013, almost seven years ago. For the reasons discussed above, this factor weighs against reopening the case.

**2.** **<u>Entitlement to Relief</u>**

Although courts should not ordinarily consider the merits of the dispute underlying the motion to reopen when determining whether to reopen a case, "when the undisputed facts in the record unequivocally establish that reopening the case would be a 'pointless exercise,' the bankruptcy court may deny the motion to reopen on that basis." *In re Copeland*, BAP No. CC-16-1343-LTaKu, 2017 WL 2843305, at *3 (B.A.P. 9th Cir. July 3, 2017); *see also In re Ritter*,

BAP No. NC-17-1001-FBJU, 2017 WL 3392671, at *2 (B.A.P. 9th Cir. Aug. 8, 2017), *aff'd,* 730 F. App'x 529 (9th Cir. 2018).

Based on the undisputed record in this case, the Court would not be able to grant Mr. Kittrell the relief he requests in the underlying Motion to Void. In the Motion to Void, Mr. Kittrell asks the Court to void the Baron Judgments and, in effect, any settlements related thereto pursuant to § 362 of the Bankruptcy Code. However, a claim for damages from violation of the stay can be settled, and in this case, the stay violation claims at issue were settled by virtue of the Settlement Agreement. Mr. Kittrell does not contend that he did not enter into the Settlement Agreement or that the Settlement Agreement resolved the Baron Judgments entered in the State Court Proceedings. Contrary to Mr. Kittrell's argument that no consideration was given in connection with the Settlement Agreement, the terms of the Settlement Agreement reflect a significant reduction in the amount to be paid to satisfy the Baron Judgments, and Mr. Kittrell avoided the costs and risks of continued and/or future litigation as a result of the Settlement Agreement.

Further, it is undisputed that Mr. Kittrell is actively engaged in and/or profiting from the medical marijuana industry in violation of federal law. A person cannot choose to engage in behavior that is criminal under federal law and then expect to receive relief under the federal Bankruptcy Code. *See, In re Johnson*, 532 B.R. 53, 56-57 (Bankr. W.D. Mich. 2015); *see also In re Burton*, 610 B.R. 633, 638 (B.A.P. 9th Cir. 2020). Likewise, bankruptcy courts cannot place themselves in positions of condoning criminal activity by affording those who are engaged in criminal activity relief under the Code. *See, e.g., In re Rent-Rite Super Kegs W. Ltd.*, 484 B.R. 799, 805 (Bankr. D. Colo. 2012) (recognizing that "a federal court cannot be asked to enforce the protections of the Bankruptcy Code in aid of a Debtor whose activities constitute a continuing federal crime"). Accordingly, this Court cannot enforce the protections of the Code to aid Mr. Kittrell, who is actively engaged in activity that is illegal under the federal Controlled Substances Act, and who is the only party that could potentially benefit from the reopening of this case and litigation of the Motion to Void.

Given the foregoing, Mr. Kittrell would not be entitled to the underlying relief he is

seeking were this case to be reopened. Reopening this case would therefore be a futile exercise and waste of resources.

### 3. Availability of Non-Bankruptcy Forum

Although this would ordinarily be a proper forum in which to adjudicate Mr. Kittrell's stay violation claims, until now, Mr. Kittrell has opted to seek relief from the State Court that entered the Baron Judgments. The circumstances strongly suggest that Mr. Kittrell is forum shopping in an attempt to get an additional bite at the apple.[6]

### 4. Prejudice

Ms. Thiesen would be prejudiced if this case were to be reopened. Ms. Thiesen, who was not an original party to the Baron Creditors' lawsuits, but rather is the assignee of the Baron Judgments, would be forced to litigate a nearly decade-old stay violation claim. Further, reopening this case would provide no direct benefit to any creditors in this case given that this case was and remains dismissed.

Based upon the foregoing, even if this case could be reopened pursuant to § 350(b), and even if the Motion to Reopen had been timely filed, the Court does not find it appropriate to exercise its discretion to reopen this case.

## IV. Conclusion

This case cannot be reopened pursuant to § 350(b) because it was dismissed, not closed pursuant to § 350(a), and because the Motion to Reopen was not timely filed. Even if this case could be reopened pursuant to § 350(b), the Court declines to exercise its discretion to reopen this case given the length of time that has elapsed since this case was closed, and given that reopening this case would be a futile exercise that would serve only to prejudice Ms. Thiesen.

Based upon the foregoing, upon consideration of the record before the Court, given the totality of the circumstances, and for good cause shown;

**IT IS HEREBY ORDERED** that the Motion to Reopen is denied.

**DATED AND SIGNED ABOVE.**

---

[6] See Dkt. 442 at Ex. 3.